ADDEMDUM TO COMPASSIONATE RELEASE

Kelly Harper v. United States of America
Case# 22-cv-18-wmc
Compassionate Release

January 12, 2023

Harper would just like to add for more reasons to grant her compassionate release to time served.

United States v. West, 2022 WL 16743864(ED Mich); United States v. John Mandacina Case #93-CR-00073-HFS, both were granted time served on compassionate release and both were charged for Murder for hire and had life sentences. West was granted compassionate release because (errors on the part of competent people prosecutors, defense counsel, probation officers and ultimately, this judge at the time of sentencing resulted in the imposition of a sentence in violation of the law on West. Even skilled appellate counsel failed to raise the sentencing error."). West had no way to correct this extraordinary and compelling error and end his days in prison. Justice and faith in our judicial system demand correction for the benefit of Roy West. This human error on multiple levels, the resulting sentencing disparity, the absence of any other avenue for relief, and West's extraordinary rehabilitation constitute extraordinary and compelling reasons for sentence reduction. The 18 USC 3553(a) factors also support a sentence reduction.

Harper also suffered errors on the prosecutor, defense counsel, probation office and this honorable judge at time of sentencing. The prosecutor used hearsay evidence from Travis Harper as evidence to indict, along with the interrogation of Harper being of no Mirada rights, and fear to Harper and her children to get her to help FBI agent Baker, when he claimed Travis Harper was a threat and needed to help her and her children. Rendering my statement involuntary, and also the only true evidence against Harper since the site was a fake site that she looked up. Her counsel failed to file a motion to dismiss indictment on suppressing Harper confession. In addition to her attorney, not getting the evidence suppressed, he also did not get her a good plea Bargen using scare tactics, and the probation office not using abuse by Travis Harper in her PSI. These errors are of Apprendi "the omitted element was "uncontested and supported by overwhelming evidence." Kuehne, 547 F 3d at 681(emphasis added). The error is far from harmless under Kuehne, instead, it is extraordinary and compelling.

However, this case is far from typical, and the vehicle Harper relies upon for a sentence reduction is a statue whose very purpose is to reopen final judgements. Ct. Conception v. United States 142 S. CT. 2389, 2399n.3 213, L Ed, 2d 731(2022)("No one doubts the finality of judgements. Here, however, the Court interprets a statue whose very purpose is to reopen final judgements."). See also United States v. Trenkler, 47 F. 4th 42, 48 (1st Cir 2022)("compassionate release is a narrow exception to the general rule of finality in sentencing."). Failure to grant Harpers compassionate release to time served would amount to an abuse of discretion and miscarriage of justice. The circumstances raised are extraordinary and compelling to reduce Harper's sentence to time served. Please grant her time served.

Very Respectfully,
Kelly Harper #29042509
FCI Waseca
PO Box 1731
Waseca, MN 56093

January 25, 2023
Kelly Harper v. United States of America
Compassionate release along with 2255
Case # 21-cv-18-wmc
Case # 22-cv-316-wmc

Letter for Help, plea to be heard, and help needed!

Dear Honorable Judge Conley,

Please sir, I am begging at this point and have nothing left to lose, as I lost everything, my children, and my freedom being a prisoner so here is me humbly coming before you for help. I have been incarcerated for 2 years, have abandon my children and three of my children, my daughters are in a traumatic abusive situation with no voice, no mother and no break from the violent abuse they suffer by there father and his girlfriend. I also have cancer and the BOP has been mismanaging my healthcare, dental care and incarceration. I am a minimum and should be at a camp however, the BOP is still mismanaging my incarceration and dehumanizing conditions by not having me at a camp. I understand more than anyone that life is not fair and the criminal justice system is far from perfect, in fact mostly corrupt, especially for women, however, I am reaching out of desperation and hope to be heard. This experience is not doing anything for my physical, mental and emotional health other than causing more trauma that will negatively effect me and inflict pain on me for the rest of my life.

Please have some compassion or if not please think if this was your mother, this doesn't just negatively effect me but my children and my family, it is a web of people that have been negatively effected and causing many people more pain and trauma than necessary. I sent you my 2255 in August and have yet to be heard, I have sent another compassionate release and yet to be heard. The mass incarceration in the country and all the time I have spent is for nothing, this is terrible and I feel at least let me be heard. You took away my attorney client privilege's and took away my freedom, and took away my children's mother and safety, please at least give me some time to be heard, and if this is not the right approach I beg to have a change of venue where there is no prejustice against me.

Two years have gone by and nothing has happened in my case other than perjured testimony from Travis Harper and prejustice from everyone involved including my attorney who I trusted to assist and help me. I can't sleep at night knowing my children are in harms way and I don't understand how this justice system is so corrupted and one sided. BOP officials get away with rape, beatings, and other outrages things and get only 5 years, however, I made a mistake and get more, there are other women who I have also tried to help with letters and exhausting the administrative remedies who get indicted and serve lots of time for very little, there is not real justice for women.

Please, I have lost so much time with my children, 2 years, that I will never get back and I fear how difficult there life has been without a mother. That they are struggling in school, or being beaten or yelled at by there father, that other kids are picking on them. We were a family and I need to get my other half of my soul back which is my children. I live, and would die for my children, I don't want them to suffer, and they need there mother and to feel my true non conditional love only a mother can give. My heart belongs to my kids, and this criminal justice system tore my children from me, it started in the family court when a guardian ad liem should lose her license to let a father abuse his children, but because of greed, she looks the other way, along with the family court Judge. This is inherently wrong but children have no voice in this country because they have no power or money. I can't even get my story out to the media to be heard, and the criminal justice system along with the BOP is ok with that. They don't want my voice to be heard because it might make them look bad, well at this time in my life, what do I have to lose? Nothing...

So please help me, or at least let me be heard so I can move forward to the next step, because I will never stop trying to get home to my children, I hope they know I never stopped and will always love them and fight to take care of them.

Thank you for your time, I appreciate the opportunity,

Kelly Harper v. United States
Case # 21-cr-18-wmc
Case out 2255 and Compassionate release

ADDEMDUM for 2255 & ADDEMDUM COMPASSIONATE RELEASE
MOTION TO BE HEARD; PLEASE ADD TO BOTH 2255 & COMPASSIONATE RELEASE

Please, your Honorable Judge,

Hasn't this little stand off between the courts have gone on long enough, time to bring an end to this and be heard. I wrote you in January begging to be heard, my cancer is out of control, and I need treatment that has yet to happen in the BOP, along with my mismanagement of my incarceration, as I have included my custody and should be at a camp, the mistreatment in the BOP has gone on too long. The US criminal Justice system has silenced me, tying my hands, and trying to keep my mouth closed. First by sealing my case, then the BOP by putting me at SFF Hazelton, and then my the physical, mental trauma caused by actions and inactions of BOP employees. The trauma and violence I have endured by the hands of the government will forever stay with me, and at this point enough is enough. I lost my attorney client privilege's, sent out affidavits to my lawyer along with over 40 BOP employees, and not one was answered, it seems impossible to make a difference not just for me, but all the other female inmates in my situation. At times, I feel like noone Cares, but I still have to try for myself and for my children.

For me my children are everything, and I would do anything for them. Living a part from my 4 children is having my heart cut out of my chest. The horrors of seeing my children in pain can haunt my heart and mind. My son and daughters have had separation anxiety from being away from there mother. My departure from there lives into incarceration over 2 years ago and counting has left a void with all four of my children. Loneliness, insecurity has come out for my children in night sweats, nightmares shouting MOM, please my children's souls need nourishment and love only found in there mothers arms. Please return me to my children and grant one of my cases.

I'm desperately struggling to hold on to sparks of hope, please, hear me out. I'm determined to get out of prison to be a mother to my four children that desperately need me, I will not give up so please hear me out an rule on my cases. I regret missing the last 2 years of my children's life, don't let me miss anymore precious time. I am currently looking out at life with uncertainty about what this year will hold, my heart cowering in fear, at this system ignorant of the fates of my loved 4 children. I have been humiliated by the media, the criminal Justice system, the BOP, lost my children, home, freedom, please, BLESS me and hear me out. The world is full of injustice, but I have HOPE, FAITH you can fix it, one case at a time, you are a Federal Judge with the power to hear me, & help me. Please grant my 2255 and remand my sentence, also please grant my compassionate release to time served.

Very Respectfully,

Kelly Harper #29042509
FCI Waseca
PO Box 1731
Waseca, MN 56093

February 9, 2023
Addendum # 3 Compassionate Release- Please add to Harper's REBUTTAL for Compassionate Release dated 2-04-2023 in addition to adding to Compassionate release dated 12-29-2022.

Kelly Harper v. United States of America
Case # 21-cr-18-wmc

### ADDEMDUM #3 TO COMPASSIONATE RELEASE

Today 02-09-2023, Harper was finally afford a medical trip to see a board certified demotologist at Mayo clinic in Mankato, MN. Harper was confirmed for a second time that she in fact does have cancer specifically Basel cell carcinoma. Basal Cell Carcinoma is serious and spread to other area of the body, treatment is very important. Harper has been in BOP custody for over 2 years and has yet to receive any treatment for her basal cell carcinoma. She has only been to visit a specialist once in WV on July 26, 2022 and February 9, 2023 in Minnesota to confirm yes she has cancer and yesterday was told that it is larger. The BOP has been violently mismanaging her healthcare since incarceration's 2-5-2021. Basel Cell carcinoma can grow deep enough to affect tissue and bone. A deep or invasive Basel cell carcinoma can be difficult to treat. Early diagnosis and treatment can prevent disfigurement and difficult treatment. Harper's spot has increased, Dr. Nikki was concerned about the Basel cell carcinoma and would like to have Mohs surgery performed within 4-6 weeks, since it will be spreading and the surgery will take 6-8 hours. Harper will also have a scar on her face since the BOP has yet to treat her cancer and has known about it since 2-05-2021. If the BOP didn't wait so long, and the only reason Harper is actually being seen is because she has follow the administrative remedy's to get medical treatment for her cancer and also because she has filed for several RIS, and compassionate release. If Harper was not being the advocate that she is for herself, the BOP would never have even sent her out for medical treatment, but lets be clear, the BOP has yet to treat her cancer and now is has spread to the point to cause a large scar and several hours of surgery needed to hopefully take care of the cancer. In addition to confirming that Harper has cancer, that she needs surgery immediately to treat her cancer, Dr. Nikki also stated that she would like to do a diagnostic skin scan test to make sure there are no more spots and cancer sites, however during Harper's incarceration the BOP has never done this, violently mismanaging her medical health, and now causing a physical scar to be on Harper's face for the rest of her life. Harper requested medical records, however, it will take months to receive within the BOP, so I'm am sure that this court will have faster access, and Harper has been asking for medical records since July 2022, with no avail but finally received them from the DA with his reply to her compassionate release. Harper also asks that the records not be sealed as the public has every to know that the BOP and the criminal Justice system is systematically allowing non existent medical care and mismanaging incarcerations for inmates.

Harper is also scared about the recovery in BOP at prison as the facility is very unsanitary and inmates do not have access to proper things needed to self care for wounds or cancer. On Feb 3, 2023, Harper was seen for mirsa, however, the medical staff will not test for it to confirm that it is mirsa which is an invasive bacterial infection that can spread quickly in a prison, so Harper is on antibiotics to try and take care of the infection. Moreover, there are serval inmates with the same mirsa infection and on the same antibiotics in the last few weeks. The BOP again is covering up and mismanaging the health of all inmates.

Please, Harper is asking that she get compassionate release for her cancer and time served. She will get her cancer treated in a timely manner and also be in a more safe, clean environment.

Very Respectfully,

Kelly Harper # 29042509
FCI Waseca
PO Box 1731
Waseca, MN 56093

Kelly Harper v. United States
Case # 21-cr-18-wmc
Addendum #4 Compassionate Release

## ADDEMDUM #4 COMPASSIONATE RELEASE

United States v. Salliey, No 10-cr-0298(D. MD. 2-13-2023). (Granted Compassionate release based on length of sentence, time served, and rehabilitation). Salliey was sentenced by the US District Court for the District of Maryland to 204 months imprisonment for one count of being a felon in possession of a firearm, in violation of 18 USC 922(g)(1). The Court granted his compassionate release and concluded that the length of Salliey's sentence, the substantial time he has already served, and the strong evidence of rehabilitation were collectively sufficient to constitute extraordinary and compelling circumstances for a sentence reduction. The court noted that Salliey had obtained his GED, completed several self-betterment courses and vocational and training programs. Lastly, the court considered the factors enumerated under 18 USC 3553(a) to determine whether a sentence reduction was warranted. Although Salliey had been sentenced as an armed career criminal, the court found that Salliey's evidence of postsentence rehabilitation outweighed the negative 3553(a) factors. The court granted Salliey's Compassionate release to time served.

Here, Harper like Salliey, also has helped many inmated recieve get a GED, as she has a college degree and has assisted many inmates attaining there GED's, along with teaching ACE classes to self improvement. Harper has also completed several self-betterment courses and vocational and training programs. This court should grant HArper's compassionate release to time served, as in case United states v. Salliey, 10-cr-0298(D. Md. 2-13-23), the District court should determine that the lengh of sentence, combined with the amout of time served and significant rehabilitation efforts, are sufficient for a reduction to time served for HArper. Along with her cancer spreading and not having any treatment for her cancer as of yet. A prison sentence should be primarily focused on rehabilitation, not punishment. This decision should be made and would be commendable for acknowledging HArper's rehabilitation and granting releief to time served. Harper is asking that her compassionate release be granted to time served based on her length of sentence, time served, rehabilitation, and her cancer.

A new NPR news piece headlined "Frail people are left to die in prison as judges fail to act on a law to free them," which stresses data how many inmates are not securing compassionate release. After all, roughly 400,000 persons have served federal prison sentences over the last five years have applied for compassionate release through FIRST STEP ACT, so only just over 1% of all federal prisoners have secured releief under 3582(c)(1)(A). MAny less percentage for female inmates, its less than 1%. Even very deserving prisoners are frequently unable to thread the needle of newly announced precedent governing compassionate release proceedings effectively. Many pundits wonder how many such prisoners continue to languish in prison unnecessarily as a result of a lack of access of affordable counsel or other legal support services to help them make their case for compassionate release.

Data from the US Sentencing Commission shows judges rejected more than 80% of compassionate release requests. Judges made rulings without guidance from the sentencing commission, an independant agency that develops sentencing policies for the courts.

Harper is asking that this court change the statistics and grant her compassionate release to time served. In my time of crisis and pai, I still try to be a positive influence on teh women here in prison, offering kindness and words of encouragement. I don't deny my sin, I'm seeking GRACE your Honor and hope for you to Grant my compassionate release to time served. I admit I am human, no perfect, a mess, but please grant me grace and understanding.

Very Rescpectfully

Very Respectfully,

Kelly Harper #29042-509
Case # 21-cr-18-wmc
FCI Waseca
PO Box 1731
Waseca, MN 56093

March 5, 2023
Kelly Harper v. United States of America
Case # 21cv-18-WMC

Dear Judge Conley,

First and foremost thank you for taking the time to consider my 2255 and my compassionate release, along with my many addendums to accompany them in your consideration. I am hoping for grace and understanding and grant my compassionate release to time served. My oldest daughter will be turning 13 at the end of this month, and my other children will be turning 12, 10 and my youngest 6 in the next few months. I have missed the last three birthdays, as they were 10, 9, 7, and 3 when I was arrested and taken from them. Please sir, have some compassion and understanding as before this I have never been separated from my youngest for even a 10 hour period of time, missed out on Christmas, volunteering at there school PTA festivals, and helping coach and just be the mother that they are used too. I have missed so much, my youngest going to pre K, and now is in kindergarten, I don't want to miss anymore precious time. Time is something that we can not get back, I have missed more than I ever expected, please I have paid dearly for my sin, and don't see the point in the overincarceration anymore. I am a mother begging for forgiveness, a second chance, and I believe with all my heart that I will also help and assist women and children affected by abuse, it is something that I am passionate about and the world needs that, women often times and even in the criminal justice system are still very much suffer at the hand of abuse of power and more by the hands of men in power and control. I am reaching out and begging for the opportunity to be the person that I can be and be the mother that my children so desperately need. Thank you sir, have a great day.

Very Respectfully,
Kelly Harper #29042509
FCI Waseca
PO Box 1731
Waseca, MN 56093

April 6, 2022

Kelly Harper #29042-509

Dear Honorable Judge Conley,

I am writing you today in hopes you can give me some help or guidance, as I am at a loss what to do. Since arriving at SFF Hazelton in November, I have Cancer and it is getting progressively worse, with more spots, and I am concerned it is spreading into my lymph nodes with no treatment. I have gone to my counselor, medical staff, and spoken to the Administrator, with no assistance in getting any medical attention. I have tried to go through the grievance process and turned in a BP 8, and have tried to turn in 3 different BP9, so that I can get the wardens dismissal to try and go to region, to alert the BOP that SFF Hazelton is grossly mismanaging my health, and I am concerned about my cancer spreading affecting other organs and deteriorating my health and wellbeing. My BP 9 keep getting denied at the SFF Hazelton level, and I feel intimidated and worried about retribution towards me for trying to be my own advocate. I am asking for help and assistance, this prison is horrible, and I have never been so mentally and emotionally traumatized. They have no psychology help and I received more counseling in county jail then I ever have here, I spoken to the psychologist for 5 minutes and she notified me that they do not do any one on one counseling. I am suffering PTSD and massive trauma from this experience and would like to be treated for mental health and emotional health. I also need to get my cancer treated. My cancer is spreading, and I am concerned that it may metastasized. I feel as the staff at SFF Hazelton is retaliating against me for writing up BP 9, to get my cancer treated, to get physiological assistance, and for staff behavior. Thank you for taking the time to read this, and I am hoping for some help and assistance since the BOP is not helping at all and I am limited in my resources. Have a great day, and thank you again for taking the time.

Sincerely,

Kelly Harper

Inmate #29042509

MOTION TO GRANT COMPASSIONATE RELEASE

Dear Honorable Courts & Honorable Judge,

I, Kelly Harper, am bringing this motion for Compassionate Release before the courts on my own behalf, pro-se. I have given the motion to the Warden at FCI Waseca on December 12, 2022 to follow the BOP Administrative Remedies. I am asking that my Compassionate Release be granted to Time Served.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

The Defendant properly exhausted her administrative remedies by submitting a request for release to the Warden at FCI Waseca and waiting until 30 days to submit to the courts. This threshold requirement to relief has; therefore, been satisfied. Inmates were not always able to bring compassionate release motions on their own behalf. Historically, only the BOP's Director could bring such motion, but rarely exercised this power. "A 2013 report, form the Office of the Inspector General revealed that, on average, only 24 incarcerated people per year were released on BOP motions." United States v. Elias, 984F. 3d 516, 518 (6th Cir2021)(quoting Brooker, 976 F. 3d @ 231); moreover, "the program was plagued by mismanagement" and inconsistency. ID @ 518-519. Recognizing this problem, Congress sought to expand compassionate release by passing the First Step Act in December 2018. Section 603(b) of the First Step Act- titled "increasing the use and transparency of compassionate release"- thus removing the BOP as the gatekeeper and amending the 3582(c)(1)(A) to permit inmates to file motions for compassionate release in their respective district courts. Jones, 980 F. 3d @1104-05 (citing First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194, 5239).

## EXTRAORDINARY AND COMPELLING REASONS

18 USC 3582 requires, but does not define, "extraordinary and compelling reasons." District courts have therefore been given "full discretion" to define what constitutes "extraordinary and compelling" on a case-by-case basis. Jones, 980 F. 3d @ 1111, see also Brooker, 976F. 3d @ 237 (noting that a "district court's discretion in this area- as in all sentencing matters- is broad"). In the context of the COVID 19 pandemic, many court's have found these reasons where a defendant suffers from a medical condition that makes him or her more susceptible to sever illness from Covid 19. See Eg, United States v. Allsbrook, 1:17-cr-74-4(SD Ohio Dec 7, 2020)(granting compassionate release to a defendant who suffered from sleep apnea and asthma); United States v. Meeks, 10-cr-203882, (ED Mich Mar 9, 2021)(finding reason for compassionate release where defendant had been diagnosed with high blood pressure). Numerous Courts have found extraordinary and compelling reasons where legislative charges drastically reduce mandatory sentence requirements. See eg. United States v. Marks, 455 3d17(WDNY 2020); United States v. Taniguchi, No 00-50, 2020 US Lexis 204777, 2020WL 6390061, @3-5 (SD Ohio Nov. 2, 2020). Some Courts mostly pre-pandemic have also found extraordinary and compelling reasons to grant compassionate release based upon combinations of other factors including family members, job opportunities, the BOP violating the inmate, finally, the BOP not allowing self care and delays for proper medical treatment.

See ex. United States v. Walker, 1:11CR 270, 2019 Lexis 180084, 2019 WL 5268752, @ 3(ND Ohio Oct. 17, 2019)(granting compassionate release to an inmate who served some time of his sentence and who had the opportunity to produce a movie off a book he authored); United States v. Beck, 425 F. Supp 3d1(NDNC 2019)(granting compassionate release to a defendant whose cancer spread after the BOP grossly mismanaged her medical care). The courts have many times also found that sentence disparity created after sentencing, though no fault of the defendant to an extraordinary and compelling reason to warrant compassionate release. United States v. Ferguson, Supp 3d, 2021(ED Mich April 29, 2021); United States v. Ball, No 06-cr-20465, 2021(ED. Mich June 9, 2021). Rather, 3553(a)(6) provides for discretionary comparison and "applies to defendant with similar conduct." United States v. Ruvalcaba, 26 F. 4th 14, 19(1st Cir 2022) convincingly set the standard for a district court reviewing a prisoner's proposed reasons for compassionate release, making it clear that district courts have the discretion to review prisoner-initiated motions by taking the holistic, any complex-of-circumstances approach we discussed earlier. This approach makes sense, after all, it is possible that the whole may be greater than the sim of its parts, and reasons that might aggregate, extraordinary and compelling. This is not to say that a district court must find a certain number of extraordinary and compelling reasons. Rather, in concluding their reviews, district courts should be mindful of the holistic context of a defendant's individual case when deciding whether the defendant's circumstances satisfy the "extraordinary and compelling" standard-"any complex of circumstances" contemplates that any number of reasons may suffice on a case-by-case basis, whether it's one, two, or ten. This case and so many others serve as a remarkable reminder of just how many different federal prisoners can cite to so many different circumstances when seeking a sentence modification and compassionate release. Concepcion v. United States, 142 S. Ct. 2389(2022) and cases like Trenkler. United States v. Trenkler, No 21-1441 (1st Cir. 2022)(granting compassionate release for holistic review and broad distraction) The 1st decided that "the prudent approach is to remand to afford the district court the opportunity to reassess the motion with the benefit of Ruvalcaba's any-complex-of-circumstances guidance." Harper is asking this court for "Broad discretion and Holistic review" to grant her compassionate release to time served. Before granting a sentence modification, 3553 (a) requires the courts to consider, among other factors, the nature and circumstances of the underlying offense and the history and characteristics of the defendant. The Sentencing commission has emphasis that a defendant's rehabilitation while incarcerated, in addition to other health issues, proves sufficient to warrant a sentence reduction. United States v. Payne (granting time served lack of criminal history, medical conditions and efforts towards rehabilitation.)

BACKGROUND

On Feb. 5, 2021, I went to the Sun Prairie Police department because Officer Patty of Dane County Sheriff's Department contacted me, for concern of my daughter's well-being and concerned that the State of Wisconsin DA never picked up the charges against Travis Harper for 4 counts of physical child abuse in 2019. Patty claimed that there had been more police reports and recent CPS reports concerning all 3 of my daughters. Respectfully, in my humble opinion, I feel Travis Harper has never been charged with many of the child abuse charges by the DA, because he is a white middle class federal employee. The first part of the interview was very long. It was spent going over all the physical, emotional, and financial abuse, I endured from May 2003-Aug 2015, and then the child abuse and post separation abuse from Aug 2015- current. I gave them hospitals and examples from 2003, along with some counseling places we had gone to together in Yuma, AZ and Roswell, NM. During my interview, the FBI against said that he specialized in family court cases, child abuse cases, and was concerned that no-one was listening to me. Travis was getting away with the commission of all the abuse. I believed that the agent wanted to help me and protect my children from an abuser, not only physically and emotionally, but also they are under video surveillance in their bedrooms, throughout the home, and even in the bathrooms where my daughters are bathing and using the toilet naked at times. The FBI agent stated "Travis is a threat. I have a four year old son, and I would do anything to protect him. You are trying to protect your daughters but no-one is listening. We need to protect your kids from Travis, but I need your help. I have to protect you." HE also stated that someone was after me and my children and that our lives were in danger. Please see evidence #1, 2, 3, 4 & 5 for this courts analysis. Evidence #1- police reports charging Travis HArper with child abuse, Evidence #2 University of WI Child abuse DR. reports, Evidence 3- Motion to suppress never filed Evidence 5- my sentencing memo.

The FBI agent arrested me for going on the dark web and looking up murder for hire. The only incriminating evidence was my honest statement at the police station. I was not given my Miranda warnings, my statement given involuntary, and my arrest and interview was a ruse by the FBI. The site I went to when I was in a dark depressed place was a BBC news fake site to steal people's money and create media news stories for money. BBC news went to Travis Harper for an interview, he gave one, and made some money on the interview and the media took over. I spent most of 2020, reacting to life, trying to anticipate what sort of stuff, lies, and abuse towards my children; Travis Harper and his girlfriend Elizabeth Williams were going to do next. For example: the lies they spew to the police. I learned that life and the law is harder on women. Sometimes doing the right thing; such as trying to stop the abuse of my children, is unanswered by the authorities and they are no help at all. I let the need for redemption and forgiveness, trump my common sense. The police and FBI lied to me; I thought that they wanted to help my children. In reality, they gave the girls to an abuser, and Travis got what he wanted- me in prison. I was so naive, I believed the police would help women and children of abuse. Since that day, February 5, 2021, I torment myself. I am so very sorry for my sin on the dark web. I wish I had never made that life altering mistake. I wish I had not been so depressed and alone. I lost everything on that day; my son, whom I have never been away from, and my daughters, who will never get to see me or there brother again, the life that I knew gone.

Here, Harper didn't lie to the officers or try to wiggle her way out of it, she didn't even protest, she told it all. She had no choice, FBI Baker made sure of it. The custody determination must be made based on the totality of the circumstances while keeping in mind that "police sometimes are restive under the restraints imposed by the rule and seek to circumvent it by avoiding the appearance of custody." Slaight, 620 F. 3d @ 817. But more than her full confession, there is also her response to being arrested and read her rights. She was apologetic: "Why was I not told of this and then questioned without the benefit of a lawyer." Of course, the reason she wasn't told of her rights is that the officers wanted to skirt protections Miranda offers defendants. They feared that if she knew about her rights, she would exercise them-just like she did when she was told she didn't have to sign the waiver form. Thus, Harper was in fact in custody.

As the 7th Circuit has held: "custody for Miranda purposes is a state of mind. When police create a situation in which a suspect reasonably does not believe that he is free to escape their clutches, he is in custody and, ...regardless of their intentions entitled to the Miranda warnings." Slaight, 620 F. 3d at 820. The determinative question is whether the suspect was deprived of her freedom in any significant way, or if a reasonable person would have understood that her freedom was so restrained. United States v. Lall, 607 F. 3d 1277, 1284 (11th Cir 2010). A reasonable person in Harper's circumstances would not have felt free to leave. She was brought to the station by way of a rouse, where she was subsequently placed in an interrogation room. The questioning did not just exert the pressure that comes from evidence of guilt, it also preyed on her maternal instincts. Finally, it is clear that officers were trying to circumvent Miranda. They had probable cause for a warrant (and got one) and they were executing that warrant at the same instance she was being interrogated. Everything from the timing to the use of officer Patty (and her familiarity with Harper and her children, to charging Travis Harper for child abuse charges) and the first two hours focusing on her children was part of getting her to confess. As 7th circuit has noted: Interrogation is part of a seamless sequence of events, and there are strategic considerations that govern every step in that sequence, beginning with initial contacts with suspects." Slaight, 620 F. 3d @ 817. All of this supports the conclusion that she was not free to leave and should have been Mirandized. And because Harper wasn't her statement should have been suppressed. But the bottom line remains that when a person is summoned under a ruse, when they are in an interrogation room, presented with evidence of guilt and coercive manipulation (that the defendant's family is at risk), they would not believe that they are free to leave. Therefore, any questioning must be accompanied by Miranda warnings. Harper's was not which also violates her constitutional rights.

3

Kelly told her how the girls' therapist called the police on Travis in the midst of an angry outburst, how Travis choked KH in a McDonald's parking lot, and how the girls had a gun pointed at them one night at Travis's place. Also she mentioned that the children are on constant video cameras even in the bathrooms and bedrooms. Patty asked Kelly about a pending CPS report involving Travis verbally and physically accosting EH, and sympathized with Kelly about the guilt and stress that nothing has come of all these reports, and the girls are still endangered by Travis.

However, courts don't just look at who was driving, but also whether the person went there willingly or whether they were drawn there by a ruse. "Where a person voluntary agrees to meet with the law informant agents, that weighs against finding that the person reasonably believes he was in custody. Ambrose, however, was an unwilling participant in this whole endeavor. He was drawn there through a ruse." Ambrose, 668 F. 3d @ 956. In Ambrose, the defendant was told to report to the FBI office as part of his job. Harper was clear that she had been tricked in coming to the Sun Prairie police department. Indeed, when Patty continues about the kids and offers that that's why Harper was brought here, Harper responds Id 23, "Yeah, under false pretenses, I thought you were going to help me with all the abuse my children endure, you are ok with all of Travis's abuse. She states, "No abuse is ok." Harper states, "you are giving my girls to a monster that will never stop, they are so stressed and walking on egg shells there, always fearing Travis."

The questioning lasted hours, and Harper was infect in custody. Harper was fed lies by Baker and Patty to induce a palpable sense of fear for her children's safety and lives'. Baker stated that her and her family were in danger. Preying upon a parent's maternal instincts is just the sort of pressure that courts have often found goes beyond what is free and voluntary conversation. See Brown v. Horell, 644 F. 3d 969, 980(9th Cir 2011)("The relationship between parent and child embodies a primordial and fundamental value of our society. When interrogators deliberately prey upon the maternal instinct and inculcate fear in a parent that she will not see her child in order to elicit cooperation, they exert improper influence." Exerting that sort of pressure is inconsistent with a voluntary statement. Instead, it's consistent with a custodial interrogations- but to be clear, even within the context of a custodial interrogation, preying upon a parent's fears for her children goes too far. Thus, the factor militates toward Harper being in custody.

The questioning Harper endured didn't just have the aspect of psychological pressure of direct threats on her family, it also included direct confrontation of guilt. Courts often find that it's at this point (when confronted with evidence of guilt) where a reasonable person would not believe they are free to leave an interview. "The police repeatedly told Slaight that he was free to leave....although he couldn't have believed they would let him go." Slaight, 620F 3d at 819; see also Stansbury v. California, 511 US 318, 325 (1994)("An officer's knowledge or beliefs may bear upon the custody issue if they are conveyed, by word or by deed, to the individual being questioned."). Harper didn't even get that, she was never told she was free to go. And those officers told her that her family was in danger, she was then presented with the evidence of her guilt, and told she needed to tell the truth to protect herself and her children.

In assessing voluntariness, courts must weigh the tactics and setting of the interrogation alongside any particular vulnerabilities of the suspect. That is, the interaction between the suspect's vulnerabilities and the police tactics signals whether the statement was the product of coercion. Dassey v. Dittman, 877 F. 3d 297, 304(7th Cir. 2017). To determine whether a confession was voluntary, courts assess whether the suspect's will was overborne and his capacity for self-determination critically impaired. Courts must consider the totality of all the surrounding circumstances- both the characteristics of the accused and the details of the interrogation. Sharp v. Rohling, 793 F. 3d 1216, 1233(10th Cir 2015).

Harper's circumstances at the time of interrogation reveal her vulnerability to threats against her children. When Harper went into the interview, she carried a personal history of trying to protect her kids and feeling no one was listening. That is patent. What's more, it was known by the agents and it was manipulated by the agents. Before walking into the interview, Officer Patty knew (first hand) about Harper's predicament- she had conducted multiple Safe Harbor interviews with K. Harper's kids and referred Travis Harper for child abuse charges. Before, the interview, she'd looked at the new reports and custody file; the interviews first two hours focused on Travis Harper's abuse, with both her and Agent Baker repeatedly citing the failure of the system to heed her warnings and protect her children. In the interview, Patty showed intimate knowledge of how things had devolved for Harper. She cited the escalating abuse and trauma to the children, the court's silence to her concerns, the calls to CPS by teachers and physicians, and the overwhelming court record.

At the end of the Harper's safety check discussion, the interview's transition point isn't met with, don't worry it was us; instead, it was met with, ID page 34 Agent Baker "I work with the FBI...and I work a ton of different things. So when Patty brought this to me, I thought something doesn't add up; there's something weird going on here. And then I read through your whole file, and I'm like, no one is listening to you. You are desperately trying to protect your kids, and you are doing whatever you can and you're not being heard. So with my experience, I just wanted to make sure you are safe and your family is safe. So I reached out to the FBI not only in my area, but across the country and then internationally. And I'm able to keyword search...on the internet to see if any threats show up. Which I think is important because you're seeing cars and weird things happening. On top of your non stop family court stuff." ID page 35 Agent Baker "The information I found, there is a threat against your family. And with this particular website that I found it on, and talking to the experts, it's a bad site. There are some bad people behind this site...And sometimes even the people that use these sites become victims...So my goal here today is to protect you and protect your kids...So if you can remember anything I need your help to protect you and your kids."

Harper is a concerned loving parent, who was given the undeniable impression that there were people following her and staking out her house. She was given the undeniable impression that this was not just an overactive imagination: the FBI had looked into it and thought this was credible. Not only was it credible "Her family was is grave danger." The coercive pressure all of that would exert is palpable.

3

SECTION 3553 FACTORS

Harper has 6 reasons to grant her compassionate release to time served.

Harpers first reason is her several health issues including but limited too her Basel cell carcinoma cancer. As verified by medical records, Harper suffers from high cholesterol, cancer, Basel cell carcinoma, colon intentional issues, and neuropathy down her left arm caused by cervical damage. Despite repeated requests by Harper the BOP is mismanaging her cancer, she was sent out to a special on July 26, 2021 at the University of West Virginia Medical center, her cancer was confirmed, and shown spreading, she was referred to a MOs surgeon. The BOP is mismanaging her health and nothing has been done since that visit, she also never had a skin scan to determine if there are more spots of concern that should be looked at, the BOP did not authorize a skin body scan. Having cancer, Harper is unable to provide self care to help her health and situation. United States v. Beck, the inmate was suffering from invasive cancer that metastasized to her lymph nodes after the prison waited 8 months to have her lumps biopsied and the two additional months for surgery. See United States v. Beck, 425 F Supp 3d 573, 581 (MD NC 2019). The court in that care determined that delays in treatment increased the risk that the inmate's cancer would spread and "compromised her prospects for survival." Id. For those reasons, the court found that extraordinary and compelling reasons existed for reducing the defendant's sentence. ID at 582. Here, however, Harper has not received any treatment for her cancer for 24 months and counting. Having Basel cell carcinoma is dangerous for my health, as the skin is the largest organ in the body, and with abnormal cell growth spreading rapidly, my life is at an increased risk when given no medical treatment. Weber v. United States 3:07-cr-000-41-02(212139 8th District Nov. 2020)(Compassionate release granted to time served for obesity, and high cholesterol.) Harper also has been medically declining as since her arrival in the BOP has suffered from high cholesterol.

Harper has previously found that a cancer diagnosis constitutes an extraordinary and compelling circumstance as asks that her compassionate release be granted. United States v. Schmitt, CR12-4076-LTS (ND Iowa Jan 8, 2020)(granting compassionate release to a defendant with stage four breast cancer); United States v. Smith, 464 F. Supp 3d 1009, 1018-20(finding that Stage IIIA non small cell lung cancer alone could constitute an extraordinary and compelling reason granting compassionate release); United States v. Valenzuela-Ruiz, CR14-4009-LTS-1, DOC 151(granting compassionate release to a defendant with prostate cancer after the government agreed that such diagnosed with prostate cancer justified release); see also United States v. Saccoccia, 10 F. 4th 1, 6 (1st Cir 2021) Based on the medical evidence described above, the court should find and grant Harper's Compassionate Release to time served.

The Court need to look no further than subdivision (A) here. Application Note 1(A)(ii) provides that extraordinary and compelling reasons exist when a defendant is "suffering from a serious physical or medical condition...that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." 6 ID. app.n.1(A)(ii). Since the onset of the pandemic, district courts across the country have deemed the self-care provision satisfied where an inmate suffers from chronic health conditions identified by the Center for Disease Control and Prevention ("CDC") as increasing the risk of serious illness from COVID-19. See United States v. Alvarado, Case # 18-CR-283, Lexis 100834 (D. Minn. May 27, 2020); United States v. Salvagno, 456, supp 3d 420(NDNY 2020). United States v. Atkinson, Case 2:19-CR-55 JCM(CWH). Internal guidance from the Department of Justice (DOJ) appears to concur with that assessment. See Wise v. United States, ELH-18-72, 2020(D Md May 22, 2020)(explaining that the DOJ has "taken the position that inmates who suffer from a condition identified...as putting them at higher risk for sever illness from COVID-19 and who can not provide self care.) United States v. Hope CR 213-2016-1(SD Ga July 22, 2020)(noting the Government conceded extraordinary and compelling reasons under the self care provision based on "the Department of Justice's redefined position on compassionate release"). This Court should agree with this interpretation of the policy statement and proceed to grant Harper's compassionate release for not be able to provide self care for her diminished health conditions.

Turning to that task, medical records confirm Harper meets the criteria for cancer, high cholesteryl, intentional issues and cervical problems, which the CDC lists as a risk increasing condition. Her high cholesterol create compounding factors because "the more under lying medical conditions someone has, the greater their risk is for sever illness from COVID-19. Harper's motion demonstrates she is suffering from serious medical conditions that substantially diminish her ability to provide self-care during the COVID-19 pandemic within the close quarter confinement conditions at FCI Waseca, and SFF Hazelton. As an added component, Harper's exemplary rehabilitative efforts bolster the case for compassionate release. See United States v. Brown, 411 F. Supp 3d446, 499 (SD Iowa 2019)(explaining that rehabilitation may be considered in conjunction with other factors). Harper has earned all available good conduct credit. The BOP reports no disciplinary violations. BOP records further reflect that Harper presents a Minimum risk of recidivism, and holds a minimum security designation. She has also taken substantial educational and vocational opportunities, along with having a job as a tutor, library clerk, and ACE class coordinator.

4

In addition to Harper's medical conditions and unable to provide self care, an additional reason to grant her compassionate release is that the BOP is refusing to treat any of her medical conditions. "To prevail on a conditions of confinement claim under the 8th Amendment, an inmate must establish 1. the condition complained of is sufficiently serious to implicate constitutional protection, and 2. prison officials acted with deliberate indifference to inmate health or safety." DeSpain v. Uphoff, 264 F. 3d 865, 971(10th Cir 2001)(Quoting Farmer v. Brennan, 511 US 825, 834, 144S CT. 1970, 128L. Ed. 2d811(1994). There is persuasive authority from this district that when a prisoner needs to see a specialist about his diagnosed SKIN CANCER, it may constitute an 8th Amendment violation to refuse to let the prisoner see the specialist. Lynch v. Wexford Health Services, 2:13-cv-01470, 2016 WL 2944688. In Lynch, the plaintiff alleged deliberate indifference to skin cancer, it constitutes an 8th Amendment violation. Specifically, in Lynch, that the defendant's had wrongfully refused to allow follow up visits with area specialist, and refused treatment; one doctor "revoked shave slip and required him to shave his face, afflicted by prior and reoccurring skin cancer, thus causing unnecessary harm and pain. The court allowed the tort claim to proceed for failure to treat the skin cancer of the inmate. I realize that this is not a tort claim; however, if the courts take that claim on skin cancer where the inmate receives compensation, then in a compassionate release request regarding my cancer, and the BOP mismanaging my health with no care or treatment is a compelling reason to grant my compassionate release. The lack of medical treatment is intentional by the BOP, and Harper has suffered and notified through the Administrative Remedies Process, about no treatment of her cancer, and other medical needs, sewage smells causing multiple health concerns for Harper. The BOP is aware of the situation and still provides no treatment and refuses to act, the BOP is violently allowing deliberate indifference to the medical needs of Harper. The lack of medical treatment for Harper is intentional, and Harper's Compassionate Release be granted for the mismanagement of her health. Equally alarming, The BOP has showed a systemic history of covering misconduct up and creating an atmosphere of secrecy and retaliation, making it difficult for Harper to report health concerns and abuse. SFF Hazelton has caused many violations and cruel incarceration towards Harper, while the BOP covers up the reports of misconduct and ignore the Administrative Remedies, causing Harper to go two years with no treatment of her medical concerns, cancer, and other issues the BOP has been made aware of. Harper is not receiving proper medical care while incarcerated. Harper has been trying to get media attention however, not everyone can or does, with that being said, the DOJ inspector General made disturbing findings in a 2021 audit that "prison is a dangerous place for women, and chilling, given all we know about substandard medical care in federal prisons, especially during COVID-19 pandemic. (Aug 31, 2022 NPR Reason 11,000 inmates are sent home, letter from FAMM).

In addition to my health concerns and not having proper self care in prison, an additional reason to grant my compassionate release is the BOP allowed serious physical, emotional, sexual, abuse to continue. United States v. Brice, 13-cr-206-2(ED Pa. Dec. 15, 2022)(Found extraordinary and compelling reason to warrant a 30 month reduction for suffering abuse at the hands of BOP prison guards, suffering massive trauma while in BOP custody at the hands of BOP officers.) The broad discretion federal courts have to consider all relevant information at a "proceeding (that may modify an original sentence is "bounded only when Congress or the Constitution expressly limits the type of information a district court may consider in modifying a sentence." Concepcion v. United States, 142 S. Ct 2389, 2398(2022). Moreover, Congress and the Department of Justice have determined that "prison rape often goes unreported," 34 USC 30301(6), and "retaliation for reporting instances of sexual abuse and for cooperating with sexual abuse investigations is a serious concern in correctional facilities." Department of Justice, National Standards to Prevent, Detect, and Respond to Prison Rape, 77 F R 37106-01 (June 20, 2012)."

The BOP's backlogged system for investigating sexual assault has only provided protection to the BOP and Department of Justice employees. At the same time, the inmates, who, of course, are seldom, if ever, believed suffer the indignity of being thrown to the curb with no emotional support provided by the BOP suffering violence and degradation while in BOP custody. "BOP's internal affairs practices have failed to hold employees accountable, and multiple admitted abusers were not criminally prosecuted as a result," "Further, for a decade, BOP failed to respond to this abuse or implement agency-wide reforms." New York Times reports 12-17-2022 "The epidemic of assaults against female prisoners in federal custody has prompted DOJ to expand the use of a program to provide early releases to women abused behind bars, according to BOP." New York Times, Justice Dept. Considers Early Release for Female inmates abused behind bars (Dec 13, 2022). Harper has presented many issues to region and central BOP, Attorney General, US Pardon Attorney, along with District Judges, and nothing has happened to right the concerns and issues at SFF Hazelton. SFF Hazelton needs to be investigated for many of the issues and concerns to help all female inmates that have been subjected to abuse and retaliation. Harper has been violated and traumatizes by BOP employees, physically, sexually, and mentally. Thus, Harper asks that her compassionate release be granted for the BOP mistreatment of Harper while incarcerated in FBOP custody. This trauma will have lifelong negative affects on Harper.

Another compelling reason to grant my compassionate release is COVID-19 and cancer and high cholesterol raises my risk of sever illness from COVID-19 and therefore amount to another reason to grant my compassionate release. SFF Hazelton was locked down from January 17-February 11, 2022; July 5th-July 15th for COVID outbreaks. At OKC transfer center Harper was exposed to Covid on the plane from a male inmate and quarte from November 9-Nov 21 and FCI Waseca was under quartine for COVID outbreaks from November 28-December 4, 2022. United States v. Edwards, 451 supp 3d 562, 567-68(WD VA 2020) "to establish a particularized risk of contracting COVID-19, an inmate must first demonstrate that cases of COVID-19 have emerged." Here, Harper suffers from cancer, which raises the risk of sever illness from COVID-19 and therefore amounts to extraordinary and compelling reason that warrant a sentence reduction. Cancer, high cholesterol is confirmed by the CDC as a risk factor that places the person at increased risk of sever illness from COVID 19. See people with certain medical conditions, www.cdc/gov/coronavirus/2019. See also Elias, 984 F. 3d @ 521 (relying on official guidelines from the CDC is a common practice in assessing compassionate release motions). See people with certain medical conditions(Mar. 29, 2021); According to the CDC, the factors that increase the risks include CANCER, kidney disease, lung disease, COPD, Asthma, cystic fibrosis, dementia, hypertension, HIV, hypertension, obesity, High BMI over 25, and high cholesterol. While not intended as punishment, incarceration's under COVID in such conditions where inmates have no access outside their cells for days, no access to family, phone, showers, and visits, incarceration in such conditions is unavoidably more punishing. See United States v. Rodriquez, No 00Cr 761(JSR) 459 F Supp 3d306. United states v. Payne, No 1:18CR00025-26 2020 (WD Oct. 29, 2020)(analyzing factors and granting early release to inmate with medical conditions placing her high risk of complications of COVID-19, and lack of criminal history). The CDC has quietly acknowledged that the COVID vaccines for all intents and purposes do not stop ANY variety of the virus at least after one or two months injection, and certainly not OMICRON. Dozen of prisons report hundred of infected prisons, all of whom receive NO TREATMENT from the BOP. According to the Epoch times, "During recent months, two Omicron subvariants have increasingly displaced other virus strains. Data drawn from those months indicate the vaccine bestowed protection was worse during that time. Adults designated as immuno-competent a population reached by excluding immunocompromised (cancer chemo patients, etc.) had just 44% protection against emergency department and urgent care visits during the period when Omicron were dominant..That time period started in mid June 2022. The protection dropped to 26% after 150 more days. www.epochtimes.comsemp1, 2022. Harper has been exposed and quartined many times, and was sentenced during the COVID-19 epidemic and should be a compelling reason to grant her compassionate release, since the troubled incarceration during COVID-19.


The COVID lock down in prisons is causing massive mental and emotional trauma to inmates. Behaviorist, Dr. Mattias Desmet, who has studied the mass psychosis of the COVID lockdowns said, "As a human being, I believe we have the ethical duty to always articulate the words that seem sincere and honest to us and that in this pool of darkness, tries to represent a little bit of light, and gets more and more in touch with the ethical principles of humanity, and tries to live up to these principles." Those who do "usually of through a fast process of evolution, they become stronger and stinger, that's the most profound reason, the ethical reason, why inmates need someone to listen. In other words, be prepared to speak the truth in the prison system and be prepared to fight for it within the confines of the prison system. One area that continues to be a sore spot for prisoners is the mishandling of the newest strains of COVID. Prisons still make the same mistakes that they made at the height of the pandemic, of wanton lockdowns, and lack of competent medical treatment. Although it appears COVID will continue to be with us for the foreseeable future, it still presents a serious danger to those with CDC risk factors, which Harper has CDC risk factors and should be granted compassionate release.

Despite numerous premature deaths, DOJ continues assigning COVID positive prisoners to the SHU instead of appropriate medical isolation. The strategy proved to be unsuccessful as the virus ravaged the incarcerated population. Many of the worst outbreaks in the country occurred in prisons that failed to adequately treat people with COVID. As the outside world loosens restrictions and the CDC declares COVID is "here to stay" a new normal pf lockdowns and isolation has taken hold inside prisons. www.npr.org. Although the CDC has loosed COVID standards for the outside world, physicians are still concerned that both COVID and Monkey Pox will take a toll in the federal prisons. Pervasive failures to address even simple mitigating factors such as adequate hygiene provisions and PPE, and refusal to address overcrowding have allowed wave after wave to sweep through jails and prisons, contributing to excess preventable illness and death. www.prisonpolicy.org(9-26-2022). Harper seeks COVID to be an additional compelling reason to Grant her compassionate release. Brown v. Plata, 563 US 2d 969(2011) (referencing medical experts prison system as breeding ground for disease.)

Hopefully, this court finds COVID-19 pandemic a compelling reason to grant compassionate release under 3582(c). Harper has never been a danger to the community and was an active member in the school district, church and community. Being in prison the first time in my life, I have experienced more liars, thieves, drug users of all sorts and plain disrespect for the prison and CO's. I would like my life back, I have paid dearly, and need to get home. I have been incident free and completed many classes and worked the whole time while being incarcerated.

My fourth reason to grant my compassionate release is the issue in the delay in treatment. Other courts have found that BOP delays in treatment of serious disorders can constitute or contribute to finding extraordinary and compelling circumstances. Saccoccia, 10 F. 4th @ 6 (explaining that "a district court may find the existence of an extraordinary and compelling reason sufficient to justify compassionate release based upon material BOP interference in or stonewalling of medical testing or treatment"); United States v. Beck, 425 Supp 3d 573, 574-77(MDNC 2019)(granting compassionate release after a series of delays prevented Beck from receiving chemotherapy for breast cancer because it was "too late"); United States v. Rodriguez, 424 F. Supp 3d 674(ND Cal. 2019)(stating that the court would grant compassionate release due to "the BOP's mind-boggling conduct" of no medical treatment.); United States v. York, 3:11-cr-76; 3:12-cr-145, 2019 LEXIS 119768, (ED Tenn. July 18, 2019)(describing the BOP's inability to properly care for York, a diabetic suffering from congestive heart failure and acute kidney failure, but not explicitly relying on the BOP's failures in finding extraordinary and compelling circumstances); United States v. Bandrow, 473 F. Supp. 3d 778(ED Mich 2020)(granting compassionate release in part due to a BOP facility's failure "to provide Bandrow with the CT urogram and urology consolation he needs"); United States v. Almontes, No 3:05-cr-58, LEXIS 62524(D. Conn. April 9, 2020)(granting compassionate release to a defendant in danger of becoming paralyzed without spinal surgery as soon as possible when the BOP continuously delayed treatment for several years); United States v. Iezzi, 2:17-cr-00157, Lexis 146668(WD PA Aug 14, 2020)(describing Iezzi's stage IV kidney disease because he had not seen a nephrologist since COVID -19 as contributing to its finding of extraordinary and compelling circumstances).

Judges are beginning to take into account whether inadequate or non-existent medical treatment should be used to further justification for compassionate release. Many Districts courts have found the BOP of delayed and inadequate medical treatment as a reason to grant compassionate release. In the year between the enactment of the First Step Act and the arrival of the COVID-19 pandemic in the United States, at least four judges employed similar reasoning in 3582(c) rulings that considered the implications of serious illness for 3553(a) sentencing purposes and parsimony requirement. Meaning when the BOP mismanages the health of an inmate "the sentence has been significantly more laborious than that served by most inmates...and further incarceration in her condition would therefore be greater than necessary to serve the purposes of punishment set forth in 3553(a.)" United States v. Gray, 416 supp 3d 784, 790(SD Ind 2019)("Mr. Gray has served much of his sentence while seriously ill. This means that his sentence has been significantly more laborious and difficult than most inmates...and father incarceration in his condition would therefore be greater than pessary. Granted Compassionate Release). Harper has served her full sentence of incarceration while having cancer and her condition has detreated. On December 26, 2022, she found a huge lump in her arm pit, and is extremely painfull, with no medical treatment and her fear of her cancer spreading in the lymph nodes a very large possibility. The BOP has grossly mismanaged her medical since she has been in. During her sentencing she had cancer, Basel cell carcinoma and Judge Conley never took that into consideration with my factors and over sentencing me, inaddition causing her incarceration more laborious and difficult.

Here, the BOP became aware of Harper's cancer while in US Marshalls custody on 2-05-2022; Harper notified SFF Hazelton on 11-18-2022, and has exhausted her administrative remedies all the way through along with notifying her District Judge with letters for help with no avail. As of this filing December 2022, Harper had not yet received treatment for her cancer. During this delay Harper has experienced increasing medical problems, and more concerns for her cancer spreading. Further, the BOP has not set Harper up for a skin scan to ensure all Harper's spots and concerns. Harper has also had increased symptoms and additional health issues caused by conditions of incarceration. Harper finds the delay in treating Harper's cancer is a separate extraordinary or compelling circumstance that could justify granting compassionate release. Wilson v United States, 961 F 3d, @840; Vandiver, 2020 145939(Was granted compassionate release for prolonged no medical treatment for cancer and high cholesterol.)

An additional reason is sentence disparity. Although my actions are inexcusable; no one was hurt, and because the site was a ruse by the BBC media, no one was ever going to get hurt. United States v. Hott, case no 10CR64 (ND Ind. 2010)(30 months); United States v. Anastos, case no 16CR646 (ND Ill 2016)(60 months; modified to time serve4d less than a year later); United States v. Velez-Lozada, case no 14CR197-PP-9 (ED Wisconsin 2014)(30 months); United States v. Summers, 506 F. Supp 2d 286 (D New Mexico 2007)(Grandmother believed grandchild was being abused by her father and attempted to hire a hitman, she was sentenced to time-served.) Section 3553(a)(6) mandates that, when imposing a sentence, the district court must consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." The fact that my Federal District Attorney suggested that Travis Harper's abuse was no bad, proves corruption in the Criminal Justice Court System. How can he qualify what is "bad enough" child abuse? No child abuse is ok, the metal and emotional abuse usually having a larger toll on all the physical abuse. I made a terrible mistake out of depressed desperation, to protect my children; the decision derailed my life. Travis's position in the federal government and also being able to call the shots falsify information at my sentencing, made my sentencing , not set fairly. The Judge and District Attorney never took my lack of prior criminal history into account. My history of repeated abuse and massive trauma my children and I endured was never considered. The McCoy court reasoned that "the First Step Act's clarification of 924(c) resulted in not just any sentencing change, but an exceptionally dramatic one" that made stacked section 924(c) sentences, such as aggregate sentence that Harper now is serving, longer "than what Congress has now deemed an adequate punishment for comparable conduct." (quoting United States v. Redd, 444 F. 417, 423-24 (8th Cir. 1993). The sentence disparity presumption can be rebutted by showing that the sentence is unreasonable when measured against the 3553(a) factors, "United States v. Vinson, 852 F. 3d 333, 357-58(4th Cir 2017). Chadwick Elsgerma uses cases with no similar background or same as Harpers case, he also never takes the 3553 factors into consideration. The United States and my attorney also agreed upon 29 points on my PSI. United States v Hott (time served), United States v. Summers (time served), and United States v. Anastos (time served). These cases have similar background and are more in line with sentencing.

Many courts including this one conclude that disparities created by sentencing are "extraordinary and compelling reasons" for compassionate release under 3582(c)(1)(A)(i) and USSG 1B1.13 Application Note. United States v. Jones, No 4:06-cr-00278, 2021(SD Iowa Mar 25, 2021); United States v. Brown, 457 Supp 3d 691, 702(SD Iowa 2020), appeal granted, No 20-2053(8th Cir June 16, 2020)(holding changes to mandatory minimum sentence calculations for violations of 18 USC 924(c), 851 enhancements constitute one of several extraordinary and compelling reasons); United States v. McPherson, 454 Supp. 3d 1049, (WD Wash 2020)("It is extraordinary that a civilized society can allow this to happen to someone who by all accounts, has long since learned his lesson."); United States v. Weissinger, No 1:06 CR 132 CDP(ED Mo. June 2, 2021)("extraordinary and compelling reason may include circumstances where as here the defendant was over sentenced."). However, Congress already demonstrated how factors that can be an "extraordinary and compelling reason alone. see also United States v. McCoy 981, 3d 271, 286(4th Cir 2020). In conjunction with Harper's successful post sentencing rehabilitation and unique history and characteristics the Court should therefore conclude Harper has established her sentence disparity is an "extraordinary and compelling" reason for release under 3582(c)(1)(A)(i). See United States v. Ledezma-Rodriquez, 472 F. Supp 3d 498-504(SD Iowa 2020)(The court holds his sentence is greater than necessary to reflect the seriousness of the offenses, afford adequate deterrence and grant his compassionate release). Harper is "simply suggesting that she is a human being,"with flaws, virtues, and a need for empathy. Rishard S. Arnold, Remarks Before Judicial Conference of the Eighth Circuit: The Art of Judging (Aug 8, 2002). Harper's history and characteristics, including her post sentencing rehabilitation, in conjunction with her 3553(a) factors weigh in favor of her release. Harper's early release is justified.

The DA's actions is another compelling reason to grant Harper's release to time served. The 7th said there is a distinction between "challenges to the quality of an investigation or prosecution" and allegations that a government agent "fueled a prosecution with knowingly false information. The Circuit held that perjury is not the sort "legislative or administrative decision grounded in social, economic, and political policy that Congress sought to shield from second guessing." A government employee lying to indict someone is not a discretionary function. Mynatt v. United States Case # 21-5932(Aug, 12, 2022 granted time served). Harper was indicted with perjury and should be granted time served. West v. United States (December 2022, 6th District Mich)(Granted time served compassionate release for the Judge, prosecutors and all the violations or perjury to false indictment). Here, Harper has suffered by the DA, Judge and been treated unfairly by the criminal justice system and seeks time served and another compelling reason to grant compassionate release.

Chadwick Elgersma, quoting Travis Harper, is violating due process when he uses false evidence to deprive Harper of her compassionate release and to ensure an indictment before the grand jury. Coleman, 925 F. 3d @ 344; Whitlock v. Brueggemann, 682 F. 3d 567, 580(7th Cir. 2012). For this claim, I must show that 1. Travis "manufactured" the statement, benefits from the statement (Travis benefits by be able to continually being allowed to abuse his daughter's and benefits by me being in prison.) 2. The false evidence was used against defendant. Payne v. Pauley, 337 F. 3d 767, 772(7th Cir. 2003) ("although personal knowledge may include reasonable inferences, thus, inferences must be grounded in observation or other firsthand personal experience. They must not be flights of fancy, hunches, intuitions, or rumors...") this hearsay by Travis Harper was used to deny my compassionate release and used by the FBI to get my arrest warrant and indictment. This is proof of prejustice. Please see Attachment C, for DA remarks, used to deny Harper's compassionate release. The hearsay made by Travis Harper should have been ignored by the FBI and Chadwick Elgersma. "Judges routinely hear admissible evidence that they are presumed to ignore when making decisions." United States v. Reed, 744 F. 3d 519, 525 (7th Cir. 2014)(quoting Harris v. Rivera, 454 U.S. 339, 346-47, 102 S. Ct. 460, 70 L. Ed. 2d 530 (1981)). To overcome this presumption, a party must present some evidence that the inadmissible statement influenced the districts court's decision making. Please see attachment D, Judge Conley denying Harper's Compassionate release. The court has subsequently found that an attorney's conflict of interest that lasts for the entire case cannot be considered harmless error. See Holloway v. Arkansas, 435 US 475, 55 L. Ed 2d 426,98 S.Ct. 1173 (1978). On another front, the court has hinted that some government conduct in investigating a crime "is so outrageous that due process principles would absolutely bar the government from invoking judicial processes to obtain a conviction." United States v. Russell, 411 US 423, 431-32, 36 L. Ed. 2d 366, 93 S. Ct. 1637 (1973). Although a convicted defendant has a due process right to be sentenced and granted motions on accurate information, the United States by using Travis Harper's comments is using inaccurate information and a cause for prejustice.

Harper claims that Travis Harper the key government witness on her indictment received undisclosed benefits in exchange for his statements and testimony to the FBI. Travis Harper receiving benefits and by the federal court having sealed all my court documents is all features of a paradigmatic Brady claim. See United States v. Risha, 445 F 3d 298, 299(3d Cir. 2006)("A failure of the prosecution to disclose impeachment evidence, coupled with a duty to disclose, would result in a Brady violation."). Harper's claim is sufficient to "deserve encouragement to proceed further." Miller-EL, 537 U.S. at 336, 338.

8

Lastly, another compelling reason to grant my compassionate release is a job opportunity with BBC. I have an opportunity to get a book published telling my story. I will be speaking out about domestic violence, child abuse, abuse in teh family court system, and abuse towards women and children in the criminal justice system; along with my experience in a women's federal prison. It is my hope that by speaking out about domestic violence, and child abuse, it will raise awareness and curb some of the trauma inflicted on women and children; thereby, making some positive changes in the family court system, along with child protective services. The corruption in the family and criminal court systems is astounding to say the least, and I would like to shine a light on situations to make a difference in a positive way. Staying silent about domestic violence and child abuse, allows the abuser to continue with no consequences and results in the survivor to continue to be abused. I want to tell the whole truth from the beginning, also to prevent another desperate mother from coming to federal prison for making a life altering mistake. Now, I will speak honestly about my past and the abuse I hide from starting in college, letting my children see and watch their father abuse me. Until our government views the needs of abused vulnerable children, with the same importance as other issues, there will never be enough money or safe places for the people who need them most. United States v. Walker, 1:11CR 270, 2019 LEXIS 180084,(ND Ohio Oct. 17, 2019)(granting compassionate release to an inmate who served some time of his sentence and who had an opportunity to produce a movie off a book he authored). In Walker, he had no behavior infractions during his incarceration, the court also found the job opportunity was an extraordinary reason to grant his compassionate release. Like Walker, Harper has had no infractions during her incarceration. She has paid her fines, and has completed programming. I have made a great use of my time to help set a positive example to other inmates. I am very capable of providing for my family emotionally and especially for my daughters, who need counseling to get through this extra trauma caused by there father being in an abusive situation. Something in the heart of most human beings simply cannot abide pain inflicted on the innocent, especially children. Even broken men serving in the worst prisons, will often take out their own rage on those who have caused suffering to children. Even in such a world of relative morality, causing harm to a child is still considered WRONG! Males seem to be the cause of so much pain in the world. They account for most of the crime and many more perpetrated against women and children. I learned long ago that loss is not only probable but inevitable. I know what it means to lose everything, to let go of one life and create another. Now I feel with a strange deep certainty that it must be my lot in life to be taught that lesson over and over again. I am so scared that when I get out of prison Travis Harper will still come after me, abuse towards me and abuse my daughters more to get to me. Emotional abuse takes more of a toll then physical abuse. They have not been given an outlet since I have been incarcerated. United States v. Wood 5:13-cr-00053-KDB-DCK-4(WDNC July 22, 2022)(Compassionate release granted to time served to take care of loved ones.)

Harper is deserving of a second chance. I am here for a reason, for something more than being a felon in prison, to help other women, and shed light on domestic violence and child abuse. I am worthy of happiness and love; worthy of a great life with my four amazing children. Travis and Elizabeth have no right to rob me and my children of that peace and happiness. I have had many hard times, unfair struggles, financial ruin, community humiliations'. But I have chosen one day at a time, and to forgive and show love and support. Please, grant me time served so that I can get home to my children.

Factors to be considered:
1. My offense was not a crime of violence it did not involve: a federal crime of terrorism, a minor, a firearm, explosive, or destructive device.

2. The weight of evidence against the person: The only evidence the FBI had was my confession at the police station which was made with no Miranda warnings, and a coerced confession, violating my constitutional rights. I was also not allowed my 6th constitutional right to confront the accuser, and coerced to take a plea deal, not knowing anything about the criminal justice system. My statement was made under duress, due to the FBI coercive tactics (making me fear that a hitman was out to kill me and my children, and I needed to be truthful to the FBI to help the FBI protect us). It was the only evidence against me, and my attorney never followed thru with a motion to suppress.

3. History and characteristics of the person: My character: I am a happy, hardworking, easy going, loving and encouraging mother. I would help my neighbors, watch peoples children, built a hockey rink in my yard. I am a big part of the school volunteering twice a week every week to help in the classroom, volunteer on field trips and assist with school functions, such as fun run. I would also help assist coach when needed with soccer, and hockey. I have a close relationship with my family, my children visit there grandparents and great grandparents, our family ties even while married were with my family only. My brother lived with me for 7 years, and my children love there uncle. I have never done any drugs and do not have a drug history. I am not an alcoholic. However, I do have a drink every now and then. The record concerning my sentencing shows, I was very apologetic towards Travis and the court for my actions and asked him to forgive me, and tell my daughters that I love them. Travis's behavior at sentencing was aggressive and filled with violent lies, while I sat there scared. At the time of my offense and indictment, I was not on parole or probation.

4. There was never any real danger of my crime, since it was a fake news site, that used the fake news to break a story.

9

If we have learned nothing else from the prison COVID-19 fiasco, we have learned to be skeptical of the BOP and Department of Justice that does nothing well, except make people miserable unnecessarily, either through willful negligence, or lengthening sentences due to misclassification of offenses and security levels. Harper has yet to received her earned FSA credits and has filed all the Ad,imitative remedies, she is a minimum and should have received 15 days per month since she has been programming and working since she arrived in the BOP. United States v. Taylor, 596 US_(2022)(Granted times served for compassionate release, COVID-19, and BOP mismanaging incarceration's.)

There is a new warning about the dangers of COVID vaccines in a Nov. 26, 2022 letter written by Dr. Angus Dalgleish, professor of oncology at St. George's University of London, which says that COVID boosters and vaccines may be causing aggressive metastatic cancers: "COVID no longer needs a vaccine program given the average death of COVID in the UK is 82 and from other causes is 81 and falling." Dalgleish writes "The link with clots, myocarditis, heart attacks and strokes is now well accepted, as is the link with myelitis and neuropathy. However, there is now another reason to halt the vaccine programs. As a practicing oncologist I am seeing people with stable disease rapidly progress after being forced to have a booster, usually so they can travel. Even with in my own personal contacts I am seeing B-cell based disease after the boosters. They describe being distinctly unwell a few days to weeks after the booster one developing leukemia, two work colleagues non-Hodgkin's lymphoma, and an old friend who has felt like he has had LONG COVID since receiving his booster and who, after getting severe bone pain, has been diagnosed as having multiple metastases from a rare B cell disorder. I am experienced enough to know that these are not the coincidental anecdotes." article also found www.pfizer-biotech shots.com

In December 19, 2022 article 7, Conservative Women, Dalgleish continues discussing the phenomenon of rapidly spreading cancers in patients who were in stable remission for years before receiving COVID vaccine. United States v. Malone, 21-6242 (4th Cir. Jan 5, 2023)(Granted Time Served Compassionate release for health conditions and COVID complications.)(United States v. Mangarella (NO 20-7912)(4th Cir Jan 10, 2023)(Granted compassionate release to time served for vulnerability to COVID 19 due to age, and health conditions.) Here, Harper already has cancer, and the BOP has been mismanaging her health and not doing what is right for COVID response along with no cancer treatment. Please grant Harper compassionate release to time served.

There was a terrible human cost resulting from drug company greed during COVID, government malfeasance, and prison cynicism. This situation, along with the dangerously deficient health care system in prison systems, has claimed lives of hundreds of prisoners. Please grant Harper compassionate release to time served.

United States v. West, 2022 WL 16743864(ED Mich); United States v. John Mandacina Case #93-CR-00073-HFS, both were granted time served on compassionate release and both were charged for Murder for hire and had life sentences. West was granted compassionate release because (errors on the part of competent people prosecutors, defense counsel, probation officers and ultimately, this judge at the time of sentencing resulted in the imposition of a sentence in violation of the law on West. Even skilled appellate counsel failed to raise the sentencing error."). West had no way to correct this extraordinary and compelling error and end his days in prison. Justice and faith in our judicial system demand correction for the benefit of Roy West. This human error on multiple levels, the resulting sentencing disparity, the absence of any other avenue for relief, and West's extraordinary rehabilitation constitute extraordinary and compelling reasons for sentence reduction. The 18 USC 3553(a) factors also support a sentence reduction.

Harper also suffered errors on the prosecutor, defense counsel, probation office and this honorable judge at time of sentencing. The prosecutor used hearsay evidence from Travis Harper as evidence to indict, along with the interrogation of Harper being of no Mirada rights, and fear to Harper and her children to get her to help FBI agent Baker, when he claimed Travis Harper was a threat and needed to help her and her children. Rendering my statement involuntary, and also the only true evidence against Harper since the site was a fake site that she looked up. Her counsel failed to file a motion to dismiss indictment on suppressing Harper confession. In addition to her attorney, not getting the evidence suppressed, he also did not get her a good plea Bargen using scare tactics, and the probation office not using abuse by Travis Harper in her PSI. These errors are of Apprendi "the omitted element was "uncontested and supported by overwhelming evidence." Kuehne, 547 F 3d at 681(emphasis added). The error is far from harmless under Kuehne, instead, it is extraordinary and compelling.

However, this case is far from typical, and the vehicle Harper relies upon for a sentence reduction is a statue whose very purpose is to reopen final judgements. Ct. Conception v. United States 142 S. CT. 2389, 2399n.3 213, L Ed, 2d 731(2022)("No one doubts the finality of judgements. Here, however, the Court interprets a statue whose very purpose is to reopen final judgements."). See also United States v. Trenkler, 47 F. 4th 42, 48 (1st Cir 2022)("compassionate release is a narrow exception to the general rule of finality in sentencing."). Failure to grant Harpers compassionate release to time served would amount to an abuse of discretion and miscarriage of justice. The circumstances raised are extraordinary and compelling to reduce Harper's sentence to time served. Please grant her time served.

10

Conclusion:

Staying silent keeps domestic violence and child abuse occur and keeps survivors quiet with no conqueses to the abuser. I want to be brave, hoping speaking out will help someone else and prevent a federal indictment. I have learned that most women in this federal prison are here because of a man, someway or another, I'm not saying all are innocent, but between pressure, violence, power, abuse, addiction, many being victims addition to being the indicted. #JUST JUSTICE The criminal Justice system is full of corruption, I want Just Justice. In my case, the detective that charged my ex with counts of child abuse and did my children's safe harbor interview is the same detective that interviewed me with an FBI agent, who claimed to specialize in child abuse and promised to help me and my children. During my interview, FBI agent Baker, with the detective played mind games on me; railroading me intentionally. I never realized until the end, when it was to late, she planned this whole thing and thinks it's ok for a monster to cause child abuse. Trusting the law with my life and my children's life was a mistake. The law doesn't protect abused women or children. She was very manipulative, gaslighting me, and someone from trauma and domestic violence can be gaslighted extremely easily. In this world the people with power owned other people, epically women, children and people of color.

—

The media blew up my case so that Judge Conley and Chadwick Elsgerma believed the wrong narrative. At sentencing Travis was violent, angry and perjured his statement serval times. The Judge and DA were fooled by Travis' appearances that holds a lot of chaos and destruction. I hope you see what you have done to my children, please right your wrong. I see the burden, the hurt and pain that has been caused. Please, I have already missed 19 months and counting of my children's life, time I will never get back. I have missed a Christmas, 2 Birthdays each and 2 summers, they need a mother.

The children are victims of a terrible crime, deserving of fairness from our family, criminal court justice system. This country needs an essential call to action to prevent domestic violence and child abuse. Protect our children, my limited experience in prison has taught me children from abuse that don't have support or help become adults that lead to drug addiction, drug dealers, sex trafficker's, prostitutes', gang members, and many more violent ways of life that ultimately involve in incarceration. The United States incarcerates more than any other country in the world.
The prison system is so overloaded with no emotional, no mental health, and very limited medical assistance.

I was shaking so hard at sentencing; at the abject terror at the justice system that I don't trust. I truly believe justice is blind. Speaking out of child abuse and domestic violence In addition to the unjust criminal justice system. I don't speak out out of anger or bitterness, just to enlighten, this incarceration is damaging myself, and not providing any positive way to life. I have never been around so many non ethical people and have not received any emotional, mental, or medical help. I am truly sorry for my mistake and paid so dearly and I am ready to go home. Have some mercy, and realize this mass incarceration issues are not the answer.

The BOP has an obligation to provide health care, dental care, to supervise their staff and are responsible for the welfare and wellbeing of all inmates. BOP is also responsible for all staff employed under the Department of Justice, to guide actions or inactions towards FSA credits, and adjusting outdates for inmates.

Bad things happen to good people, people make mistakes out of fear and desperation. Before the media exploded my case, I was hiding for over a decade behind a false facade, from domestic violence with real issues happening behind closed doors. No one understands or can prepare you to know how grief is so very lonely. No matter who else is mourning, you're in your own little cell. Treated so badly, I believe some animals in kennels get better treatment. Even when people try to comfort you, you are aware that now there is a barrier between you and them, made of a horrible thing that happened, that keeps you isolated. I'm mourning the loss of my 4 amazing children, especially my 3 daughters that have no-one to protect them, love them unconditionally. I fear there emotional, mental and physical well being daily and hope one day to hug them to be there mother again. My girls are waiting for me to rescue them from a world that scares them, no child should ever have to know that fear. My son needs his mother.

How many exceptions do there have to be before you start to realize that maybe the truths you've been told aren't actually true? I believed the FBI, my attorney, and the truth they told me they were going to help me. Being with out my children is impenetrable grief, the criminal justice system is pledged with so much barbarity towards human beings. I have been away from my life, and children for 18 months and counting. I need to get home as soon as possible; begging for help to get me there and out of this prison nightmare. My case along with the criminal justice system needs to move on Just Justice. Go slow, that's what the BOP and Department of justice says and wants. Impossible, I've wasted so much time already, along with millions of other inmates. Going slow could mean a death sentence before this is rectified, and I'm not prepared to die without my children. No. SLOW, is no longer an option; not with the days ticking by as they do. I've missed a Christmas, Birthday's, Easter's, winter's and summer's. We can not afford patience. I still have love, perspective to offer my children, they need there mother. I have cancer and its not being treated. I'm reaching out, extending out of my circumstances, extend out my hurt and pain. To help shed light on our systems, let me be a voice and make a difference. The United States incarcerates more people than any other country in the whole world. We need JUST JUSTICE!!!

11

Family Court along with the Criminal Court system systematically allows, and excuses domestic violence and child abuse. As a women we settle, make compromises, let them whittle away at our hearts and souls bit by bit. We don't really notice erosion or we rationalize it away. We tell ourselves its all for the greater good. Unfortunately, men who abuse women and children don't stop at just one. Its a habit, ingrained, giving them more power every time.

During my sentencing, Judge Conley stated he should have had more information from the Guardian ad Liam on the child abuse. More over, everytime I would expose Travis as a violent abusive man, the judge would look the other way and condone his behavior and abuse. Travis wanted to destroy me along with everything I had built with my children, he succeeded several times. He also went to the FBI to keep the children in an abused situation, the FBI excused his actions of a violent predator who had victimized me and our daughters. I want to be heard and pray to be a voice, to expose the system. Travis and the FBI used my children to make a deal. I would never do that, I always love and protect my family. My children are not bargaining chips on the negotiation table. I thought the # METOO movement would help women speak out but more often than not we are scared, scared to lose our children; we also have real life, jobs, bills. Life and the law is harder on women. My limited experience with the criminal justice system, I have learned that most women are here because of a man, either, being sex trafficked by there pimp, selling drugs, being an addict themselves, I'm saying all women, but most are here in this federal criminal system because of some massive trauma that occurred either as a child, or as an adult, and they fled to a gang, or other ways of a violent way of surviving. As a country we need to show empathy, understanding, and charge crimes accordingly; not letting the government just do conviction, conviction to get another person to take an unfair plea deal and fill up the prison system.

The issues of Domestic Violence, child abuse and women being abused by the federal criminal justice system happens everyday. Its entirely real and can happen to anyone regardless of age, race, level of education or income. I want women to know that you are not alone, its real, and not your fault. I have faith that one day the system will believe you and you will be supported. #JUST JUSTICE Uninjured ? Sure? Unharmed? That's questionable but I feel strongly that the criminal justice system has harmed me in the deepest way possible. Governments can change, entire ideologies take over, changing archaic laws. #JUST JUSTICE, Please I really want to be granted time served!!

I hope this court takes all my factors into account and asking the court to grant my motion for reconsideration to time served. I believe in forgiveness, redemption and second chances. I need to get home to my children, they need their mother. I have a full time job opportunity, a home to go to and great support. I know I will take this opportunity to get my cancer treated, take care of my children, also help less fortunate women and children from violence and abuse. I appreciate your time and consideration. I look forward to your response.

Very Respectfully,

Kelly Harper #29042-509
Case # 21-cr-18-wmc
FCI Waseca
PO Box 1731
Waseca, MN 56093

Conclusion:

I, Kelly Harper #29042509, is asking for my compassionate release to granted and released home to treat my cancer and take care of my children; they need there mother. I will be going to Dean Medical Clinic for the Oncologist and paying for my health insurance through my job that I have lined up at Custom Stone as a project manager. I will have United Health Care HMO and utilized Dean Medical Clinics as I am already a patient and have been a patient to that network for the last 6 years. I have a home to go home to and a wonderful family and network of help. I'm asking for a second chance and to treat my cancer. Please, grant this, thank you for your time.

This picture was taken in the fall in my yard with my kids playing in the leaves a few months before my arrest, and this nightmare started, its my 4 children. They say a picture is worth 1000 words, well those 4 amazing kids are my life please, I don't want to miss any more time from them, and really need to get my health and cancer under control.

Very Respectfully,

Kelly Harper #29042509
SFF Hazelton
PO Box 3000
Bruceton Mills, WV 26525



13

REBUTTAL to GOVERNMENT'S RESPONSE for COMPASSIONATE RELEASE

Kelly Harper v. United States
Case # 21-cr-18-wmc
Compassionate release rebuttal
02-04-2023

Harper received Chadwick Elgersma response denying her compassionate release on 02-02-2023 at FCI Waseca through legal mail. It was filed with the court on 01-27-2023 under seal, and document #82. Kelly Harper would like it to be unsealed as it is the publics business what the US government does, and has covered up by protecting a predator. The Public has every right to know the facts and issues in this case, and as this court was paid and influenced by media, Harper has a right to be heard and a 1st Amendment right to freedom of speech.

Rebuttal to United States response. Please see Harper's Compassionate Release dated 12-29-2022, on page 7 and page 8, Harper quoted many cases and reasons why courts and Judges across the country grant compassionate release as a extraordinary and compelling reason. Here, it seems Chadwick Elgersma never considered the pages, or cases quoted. It is my hope that the Judge will read and consider all the cases as many inmates have received compassionate release for sentence disparity.

Case number: 2:13-cr-00221-APG-CWH(Williams was sentenced to 121 years in prison and received compassionate release after 8 years of imprisonment for sentence disparterity being a compelling reason.) Many circuits have found that Sentence Disparity is a reason to grant compassionate release. That guideline section "may inform" the Judge's discretion, it is also not binding on the Judge. Thus, the Sentencing Commission's policy statements do not preclude compassionate release here. "Many District courts across the country have ... concluded that a defendant's excessive sentence because sentences mitigated by the First Step Act may, alongside other factors, justify compassionate release." United States v. Owens, 996 F 3d 755, 762 (6th Cir 2021)(collecting cases); see also United States v. McGee, 992 F 3d 1035, 1048 (10th Cir 2021). McCoy, McGee, Owens, and other "sister circuits" that have held similarly. Aruda, 993 F. 3d @ 801. Many of those courts include in their analysis the defendant's health, age, rehabilitation efforts, and the disparity between the actual sentence and the sentence they should have received. Owens, 996 F. 3d @ 762. Like, Williams, Harper, had an excessive sentence. Ms. Harper is a 39 year old single mother of four children. She doesn't have much or criminal history in the past but one when she was 21 years old. She has had clear conduct in the BOP. McCoy, 981 F 3d @285. Harper is not beyond rehabilitation, so that outcome in this case as in the William case(2:13-cr-00221)engenders derision for the Criminal Justice System and should grant Harpers compassionate release.

Harper has served over 2 years and counting in custody. Given the sentence imposed personal history and characteristics and the other factors it should be sufficient sentence to serve the interests of justice and comply with 18 USC 3582(c)(1)(A)(i), her compassionate release should be granted to time served.

Van Helsing applied for 18 USC 3582 (cc)(1)(A)compassionate release in both Kansas and Wisconsin. Both courts denied him his compassionate release. The Kansas decision is on appeal in the 10th Circuit. In the Western District of Wisconsin case, the government said the court lacked jurisdiction to consider Van Helsing's Compassionate Release motion. Last week, the 7th Circuit reversed the Western District of Wisconsin district court denial. The Circuit stated, "but we do not see how this moots (Van Helsing's request. If 3582(c) does not supply authority for the relief Van Helsing wants, then he loses on the merits, not for lack of jurisdiction. "The Judge in Wisconsin could order the BOP to treat the Wisconsin sentence as if it had expired earlier and to reduce the time remaining on the Kansas sentence accordingly," the 7th ruled. "Or the court in Wisconsin could make an adjustment in the length of supervised release on the Wisconsin sentence that will follow the conclusion of the Kansas sentence. As long as relief is possible in principle, the fact that a given request may fail on statutory grounds does not defeat the existence of an Article III case or controversy." United States v. Von Vader, Case #22-1798, 2023 US App. LEXIS 1750(7th Cir Jan 24, 2023) When Judge Conley took Harpers case out of the Appellant court and for not having jurisdiction, Harper was negatively effected, and had to start the Compassionate Release process all over, causing more physical, emotional and money cost and trauma.

Even before the First Step Act, it was known that 851 enhancements led to extreme sentencing disparities. See United States v. Young, 960F Supp. 2d 881, 903 (ND Iowa 2013)("For unknown and unknowable reasons, federal prosecutors have been applying massive numbers of enhancements in many districts and not in others" creating a sentencing disparity that is "stunningly arbitrary."); United States Sentencing Commission, Report to the Congress: Federal Criminal Justice System 253, 255(2011)(reporting a "lack of uniformity" with prosecutors in some districts over sentencing while other prosecutors in other districts file for a downward departure) United States v. Kupa, 976 F. Supp 2d 417, 420(EDNY 2013)("To coerce guilty pleas, and sometimes to coerce cooperation as well, prosecutor routinely threaten ultra-harsh, sentences that no one not even the prosecutors themselves-thinks are appropriate."). This means that COMPASSIONATE RELEASE has become a remedied to seek justice for disparate sentencing. And in fact, this result aligns with "Congress purpose in enacting 3582(c)(1)(A)... to provide a narrow avenue for relief 'when there is not a specific statute that already affords relief 'when there is not a specific statute that already affords relief but "extraordinary and compelling reasons nevertheless justify a sentence reduction." United States v. McGee, 992 F. 3d 1035, 1047 (10th Cir 2021).

Here, Harper was clearly over sentence and the prosecutor Mr. Elgersma, coerced a guilty plea, and HArper did give coorperation for some cases, would also give coorpoeration to indict Travis Harper for video taping his children in the bathroom and nakes, along with putting minors in danger, however, the govenement looked the other way allowing his behavior to continue. Mr. Elgersma threatened Kelly HArper and gave her an ultra harsh sentence also sealing the case so tthat the public will not know the coorpution in Harper's case, by covering up at all levels, from the FBI agent all the way through the BOP and the Judge. In conjuction with Harper's successful post sentencing rehabilitation and her unique history of being a victim of abuse and watching her daughters be abused by Travis HArper for many years, this court should conclude that HArper has established sentence disparity and compassionate release granted.

Congress has instructed the Court that a sentence imposed shall be "sufficient, but not greater than necessary" to achieve the purpose of sentencing 3553(a). Considerations under 3553(a) include, but are not limited to, the nature and circumstances of the offense, Defant's history and characteristics, the seriousness of underlying offense, whether the sentence affords adequate deterrence. See example United States v. Ledezma-Rodriguez, 472 Supp 3d 498, 504-05(SD Iowa 2020). (The compassionate release granted to time served, and the court held Defendant's sentence is greater than necessary to reflect the seriousness of the offenses, afford adequate deterrence, and serve the purpose of his original sentence. See 3553(a)(2)(A)(B)(D). Incarceration is not the only "kind of sentence available," and there are other ways to achieve the same thing. 3553(a)(3). Noncustodial sentences like supervised release curtail "prized liberty interests" and."Defendant always faces the harsh consequences that await if he violates the conditions" attached to his release. Gall, 374 Supp 2d at 763.

Here, Mr. Elgersma, never considered my 3553(a) factors, similar at sentencing and during his plea deal. Please view page 9 in Harpers Compassionate Release dated 12-29-2022, to view set factors. This court therefore, should hold Harper not only has extraordinary and compelling reasons for seeking and granting her compassionate release to time served; but that 3553(a) factors weigh strongly in favor of granting Harper's compassionate release under 3582(c)(1)(A). All the factors and requirements for compassionate release have therefore been met, and this court should grant Harper's release to time served.

Due process requires fair trial, before a judge with no actual bias against the defendant or interest in the outcome of her particular case. Evidence of the presiding Judge's actual bias is sufficient to establish a due process violation but it's not necessary. Due process is also denied when, objectively speaking, the probability of actual bias on the part of the Judge or decisionmaker is too high to be constitutionally tolerable. Impartiality is particularly important in the sentencing context because of the broad discretion that the judge afforded. That sweeping discretion invites the risk that a Judge's personal biases will influence or appear influence the sentence he imposes. Harper has an astounding amount of bias against her in this whole case, and due process was violated. The Judge removed her attorney client privileges', also has yet to review her 2255 to vacate her sentence and remand her sentence, along with freezing and removing her first compassionate release out of the appellant court, and by also sealing Harper's case so the truth is not reveled. The Honorable Judge has violated due process by taking into account what Chadwick Elgersma's has stated. While Travis Harper used perjured testimony to have Kelly Harper indicted. This is an additional reason to grant Harper's Compassionate release to time served. Please see page 8 and page 9 in Harper Compassionate Release dated 12-29-2022.

In context of 18 USC 3582(c), under the third element of plain-error review, a prisoner's substantial rights were not affected unless she can show a reasonable probability that, but for the error, the outcome of the proceeding would have been different. 1. Clear error is on page 8 when the Court violated due process, and Please see Evidence #37K, sent to the appellant court. 2. Clearly affected my rights as a prisoner. and 3. seriously impugns the fairness, integrity, and public reputation of the judicial process.

Chadwick Elgersma, quoting Travis Harper, is violating due process when he uses false evidence to deprive Harper of her compassionate release and to ensure an indictment before the grand jury. Coleman, 925 F. 3d @ 344; Whitlock v. Brueggemann, 682 F. 3d 567, 580(7th Cir. 2012). For this claim, I must show that 1. Travis "manufactured" the statement, benefits from the statement (Travis benefits for be able to continually being allowed to abuse his daughter's and benefits by me being in prison.) 2. The false evidence was used against defendant. Payne v. Pauley, 337 F. 3d 767, 772(7th Cir. 2003) ("although personal knowledge may include reasonable inferences, thus, inferences must be grounded in observation or other firsthand personal experience. They must not be flights of fancy, hunches, intuitions, or rumors...") this hearsay by Travis Harper was used to deny my compassionate release and used by the FBI to get my arrest warrant and indictment. This is proof of prejustice. Please see Attachment C, for DA remarks, used to deny Harper's compassionate release. The hearsay made by Travis Harper should have been ignored by the FBI and Chadwick Elgersma. "Judges routinely hear admissible evidence that they are presumed to ignore when making decisions." United States v. Reed, 744 F. 3d 519, 525 (7th Cir. 2014)(quoting Harris v. Rivera, 454 U.S. 339, 346-47, 102 S. Ct. 460, 70 L. Ed. 2d 530 (1981)). To overcome this presumption, a party must present some evidence that the inadmissible statement influenced the districts court's decision making. Please see attachment D, Judge Conley denying Harper's Compassionate release. The court has subsequently found that an attorney's conflict of interest that lasts for the entire case cannot be considered harmless error. See Holloway v. Arkansas, 435 US 475, 55 L. Ed 2d 426,98 S.Ct. 1173 (1978). On another front, the court has hinted that some government conduct in investigating a crime "is so outrageous that due process principles would absolutely bar the government from invoking judicial processes to obtain a conviction." United States v. Russell, 411 US 423, 431-32, 36 L. Ed. 2d 366, 93 S. Ct. 1637 (1973). Although a convicted defendant has a due process right to be sentenced and granted motions on accurate information, the United States by using Travis Harper's comments is using inaccurate information and a cause for prejustice.

2

I object to the Government's reason that a job opportunity is not a reason to grant Harper's Compassionate release. Please see Harper's compassionate release dated 12-29-2022 on page 9. This court should grant Harper's compassionate release for a job opportunity to speak out on women and children and the corruption in the criminal justice system against women. Harper has experienced the abuse of the government directly starting with her ex husband then continuing into the criminal court and in the BOP. The Honorable Judge Conley stated that Harper could pursue her job opportunity while being incarcerated. That seems impossible while he has also been informed, that Harper has no access to Microsoft Word or any computer program. He was made aware when she was trying to get an attorney to assist her in her 2255, he was informed that she is not a lawyer and has no access to a computer lab. Harper has to type emails to her unit team, then pay to print and piece them together for her court documents that she has to provide, since she has never had the opportunity of having been provided a lawyer. In addition to not having proper access, she also has a time limit on the computer of 25 minutes at a time, and difficulties with no access to proper spacing and things that would need to be professionally, appropriately done by a proper author. The BOP has also made it impossible to speak and have access to the media, Harper has been reaching out and her mail is being sentenced and her attempts to reach the media, have had negative effects on her. The Court should take reasons and grant Harper's compassionate release to time served.

Lastly, another compelling reason to grant my compassionate release is a job opportunity with BBC. I have an opportunity to get a book published telling my story. I will speaking out about domestic violence, child abuse, abuse in teh family court system, and abuse towards women and children in the criminal justice system; along with my experience in a women's federal prison. It is my hope that by speaking out about domestic violence, and child abuse, it will raise awareness and curb some of the trauma inflicted on women and children; thereby, making some positive changes in the family court system, along with child protective services. The corruption in the family and criminal court systems is astounding to say the least, and I would like to shine a light on situations to make a difference in a positive way. Staying silent about domestic violence and child abuse, allows the abuser to continue with no consequences and results in the survivor to continue to be abused. I want to tell the whole truth from the beginning, also to prevent another desperate mother from coming to federal prison for making a life altering mistake. Now, I will speak honestly about my past and the abuse I hide from starting in college, letting my children see and watch their father abuse me. Until our government views the needs of abused vulnerable children, with the same importance as other issues, there will never be enough money or safe places for the people who need them most. United States v. Walker, 1:11CR 270, 2019 LEXIS 180084,(ND Ohio Oct. 17, 2019)(granting compassionate release to an inmate who served some time of his sentence and who had an opportunity to produce a movie off a book he authored). In Walker, he had no behavior infractions during his incarceration, the court also found the job opportunity was an extraordinary reason to grant his compassionate release. Like Walker, Harper has had no infractions during her incarceration. She has paid her fines, and has completed programming. I have made a great use of my time to help set a positive example to other inmates. I am very capable of providing for my family emotionally and especially for my daughters, who need counseling to get through this extra trauma caused by there father being in an abusive situation. Something in the heart of most human beings simply cannot abide pain inflicted on the innocent, especially children. Even broken men serving in the worst prisons, will often take out their own rage on those who have caused suffering to children. Even in such a world of relative morality, causing harm to a child is still considered WRONG! Males seem to be the cause of so much pain in the world. They account for most of the crime and many more perpetrated against women and children. I learned long ago that loss is not only probable but inevitable. I know what it means to lose everything, to let go of one life and create another. Now I feel with a strange deep certainty that it must be my lot in life to be taught that lesson over and over again. I am so scared that when I get out of prison Travis Harper will still come after me, abuse towards me and abuse my daughters more to get to me. Emotional abuse takes more of a toll then physical abuse. They have not been given an outlet since I have been incarcerated. United States v. Wood 5:13-cr-00053-KDB-DCK-4(WDNC July 22, 2022)(Compassionate release granted to time served to take care of loved ones.)

While alarming and deeply upsetting that Mr. Elgersma, is claiming that I was not sexually harmed while in BOP custody, shows much bias against Harper, and is very troubling considering she is a female and he a male, that he even states her prea experience is not a reason to grant her Compassionate Release and is ok with Kelly Harper being Sexually abused while in BOP custody speaks volumes of his character. This statement and his opinion on the matter is an additional reason why Harper's Compassionate release should not be sealed; the public has every right to know that the criminal Justice system is systematically covering up and allowing female inmates to be harrassed and harmed by BOP employees. In United States v. Brice, No 13-cr-206-2(ED Pa Dec 15, 2022)(Extraordinary and compelling reason warranting a sentence reduction because she was sexually assaulted by BOP officers). 18 USC 2243- Whoever...knowingly engages in a sexual act with another person who is in official detention or ATTEMPTS to do so ...shall be imprisoned. Please see exhibits 1H through 7H, affidavits sent to staff at SFF Hazelton employed by the BOP and responsible for the actions and inactions taken to Harper. Also please see 1K, as Harper did start the administrative remedies, however has not been able to complete it, and it takes time.

As an inmate, Harper has a right to be safe from sexually abusive behavior. The FBOP has a zero tolerance policy against sexual abuse and sexual harassment. While you are incarcerated, no one has the right to pressure you to engage in sexual acts. I filed an administrative remedy, along with wrote and emailed OIG, Office of the Inspector General to document was also offered and accepted counseling program for victims of sexually abusive behavior. Per policy definition's per 28 CFR 115.6: Harper was violated Code 221, Code 300, and Code 404.

3

Department of Justice has determined that "prison rape often goes unreported," 34 USC 30301(6), and "retaliation for reporting instances of sexual abuse and for cooperating with sexual abuse investigations is a serious concern in correctional facilities." Department of Justice, 77FR 37106-01(June 20, 2012). Courts across the country are using FBOP mistreatment and abuse as a compelling and extraordinary reason to grant compassionate release. As Harper has been traumatized and sexually violated while in FBOP custody this should be a reason to grant her compassionate release to time served. Harper has also tried to be an advocate for women in prison, and within the BOP, which has had a lot of retaliation against her. Please see exhibits 1K-45K, which will be a paper trail, IN addition now that the BOP messed up her medical records intentionally for her pres report, that she did not see till Mr. Elgersma turned it in, now she has to file more remedies because that medical report is wrong and faults, causing more physical, emotional and mental trauma to Harper.

Experience has shown that meaningful reform in prison environment can be best brought with Judicial decisions. Until the last 40 years, correctional law was practically nonexistent, and until recently really nonexistent for females incarcerated. Females have been more abused during incarceration with the BOP covering up many issues and not investigating or taking the proper conditions for incarceration. Prisoners were regarded as "slaves of the state." The tradition was and most times for female prisoners still is that upon conviction of a felony, prisoners lost all of their civil rights. Access to the courts was and is denied and the treatment of prisoners was left to the uncontrolled discretion of the warden and BOP. Checking discretion is also an essential ingredient in controlling the abuse of administrative discretion in a prison environment. Harper's many Administrative Remedies have never assisted or helped her. The BOP has been deliberate indifference to Harper causing physically, mentally and emotionally sickness that will have negative effects thought-out the rest of her adult life. The phrase due process of law is found the 5th and 8th Amendment. The BOP has violated Harper's constitutional rights. As a general manner, punishments prohibited under the 8th Amendment include those that "involve the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 US 97, 103, 97 S. CT. 285, 290, 50, LED 251(1976)(quoting Gregg v. Georgia, 428 US 153(1976)). "It not only outlaws excessive sentences but also protects inmates from inhumane treatment and conditions while imprisoned." Williams v. Benjamin, 77 F 3d 756, 761(4th Cir 1996). Under the 8th Amendment, sentenced prisoners are entitled to reasonable protection from harm at the hands of fellow inmates and prison officials under the 8th Amendment. Reckless disregard occurs when a defendant "knows of the disregards an excessive risk to inmate health or safety; the BOP was both aware of the facts from which the inference was drawn that Harper was at officials medical and safety risk by the BOP actions and inactions towards Harper during her incarceration. Despite the 8th Amendment's guarantee of basic hygiene and health care for incarcerated people, prisons routinely scrimp on providing these services, and then mislead JUDGES, MEDIA, and the PUBLIC to conceal their malfeasance. The federal prison system regularly subjects people to atrocious and humiliating neglect. This is an additional reason to unseal Harper's Case, so people and the public are aware of the issues being covered up. The Fourth Circuit has said: "True subjective recklessness requires knowledge both of the general risk, and also that the conduct is inappropriate in light of that risk." Rich v. Bruce, 129 F 3d 336, 340n2(4th Cir 1997). This Court and Judge should find that Harper's abuse by BOP is a compelling reason to grant her compassionate release to time served.

The Associated Press has published results of an investigation of the previous Dublin warden which encapsulates much of what is wrong with the federal prison system. A BOP employee should be ashamed and demand to know how an obvious abuser was continually promoted. SFF Hazelton has had many indiscretions and should also be under investigation. Outspoken Georgia Congresswoman Marjorie Greene to those decrying conditions of confinement in federal prisons. Touring a prison in November 2021, she recounts her experience. "I was appalled at much of it." Greene noted, adding that she "would never forget" what she had witnessed, Greene described the defendants as "broken souls that looked like they thought everybody had given up on them, and they'd probably given up on themselves." "Many of them are denied medical treatment," she noted. "One of the men has a finger that was turned sideways from injury and they refused to fix his finger. Another man was being refused treatment for Celiac disease. "You're denied many things that are just basic human rights." Article 12-2022 published results.

Here, Harper has felt that everyone has given up on her. She has tried to advocate for her self, children and other female inmates, and this court is making it impossible to get her voice out for HELP, by sealing everything, and the BOP controlling all of her mail and phone calls.

BOP "Mess Up and Move Up" employee culture was responsible for Deputy Western Regional Director Thomas Hinkle, 57, being repeatedly promoted "despite numerous red flags, rewarding him again and again over 3 decades career." Hinkle, "acknowledged that he assaulted inmates but said he regrets it. According to the Associated Press, Hinkle's mistakes include inmate beatings, sexual assault, and a public drunkenness which was dropped. AP said it spent months investigating Hinkle, reviewing thousands of pages of documents from related criminal cases and appeals, and interviewing lots of people. "Together," Ap reported, "they show that while the BOP has vowed to change its toxic culture in the wake of Dublin and other scandals, it has continued to elevate a man involved in one of the darkest more abusive periods of history." Hinkle's is just one BOP employee but there a many many more, that is a stark example of what BOP employees call the agency's mess up and move up policy. Hinkle still gets his retirement and TSP, and full benefits, no repercussions for his actions. AP investigation: Prison boss beat inmates, climbed ranks (Dec 9). Harper has many stories herself where she witnessed first hand a BOP employee knowingly let an inmate commit suicide, and beat a female inmate. She has also witness some BOP employees are humane and kind, and care, and good humans, but the ones that are not are harming inmates regularly and allowed to do so at all levels; regional, Central Office, and even in the Criminal Court system.

Finally, a paper's investigation into Carswell found that dozens of women currently or previously incarcerated there describe sexual assaults and rapes by staff members, while a former staff member and union president said reports of misconduct are ignored or covered up. AUG 24. US Attorney sentencing memo states that any female prisoners that were sexually violated by BOP staff should be a compelling reason to grant compassionate release.

If we have learned nothing else from the prison COVID-19 fiasco, we have learned to be skeptical of the BOP and Department of Justice that does nothing well, except make people miserable unnecessarily, either through willful negligence, or lengthening sentences due to misclassification of offenses and security levels. Harper has yet to received her earned FSA credits and has filed all the Ad,imitative remedies, she is a minimum and should have received 15 days per month since she has been programming and working since she arrived in the BOP. United States v. Taylor, 596 US _(2022)(Granted times served for compassionate release, COVID-19, and BOP mismanaging incarceration's.)

There is a new warning about the dangers of COVID vaccines in a Nov. 26, 2022 letter written by Dr. Angus Dalgleish, professor of oncology at St. George's University of London, which says that COVID boosters and vaccines may be causing aggressive metastatic cancers: "COVID no longer needs a vaccine program given the average death of COVID in the UK is 82 and from other causes is 81 and falling." Dalgleish writes "The link with clots, myocarditis, heart attacks and strokes is now well accepted, as is the link with myelitis and neuropathy. However, there is now another reason to halt the vaccine programs. As a practicing oncologist I am seeing people with stable disease rapidly progress after being forced to have a booster, usually so they can travel. Even with in my own personal contacts I am seeing B-cell based disease after the boosters. They describe being distinctly unwell a few days to weeks after the booster one developing leukemia, two work colleagues non-Hodgkin's lymphoma, and an old friend who has felt like he has had LONG COVID since receiving his booster and who, after getting severe bone pain, has been diagnosed as having multiple metastases from a rare B cell disorder. I am experienced enough to know that these are not the coincidental anecdotes." article also found www.pfizer-biotech shots.com

In December 19, 2022 article 7, Conservative Women, Dalgleish continues discussing the phenomenon of rapidly spreading cancers in patients who were in stable remission for years before receiving COVID vaccine. United States v. Malone, 21-6242 (4th Cir. Jan 5, 2023)(Granted Time Served Compassionate release for health conditions and COVID complications.)(United States v. Mangarella (NO 20-7912)(4th Cir Jan 10, 2023)(Granted compassionate release to time served for vulnerability to COVID 19 due to age, and health conditions.) Here, Harper already has cancer, and the BOP has been mismanaging her health and not doing what is right for COVID response along with no cancer treatment. Please grant Harper compassionate release to time served.

There was a terrible human cost resulting from drug company greed during COVID, government malfeasance, and prison cynicism. This situation, along with the dangerously deficient health care system in prison systems, has claimed lives of hundreds of prisoners. Please grant Harper compassionate release to time served.

United States v. West, 2022 WL 16743864(ED Mich); United States v. John Mandacina Case #93-CR-00073-HFS, both were granted time served on compassionate release and both were charged for Murder for hire and had life sentences. West was granted compassionate release because (errors on the part of competent people prosecutors, defense counsel, probation officers and ultimately, this judge at the time of sentencing resulted in the imposition of a sentence in violation of the law on West. Even skilled appellate counsel failed to raise the sentencing error."). West had no way to correct this extraordinary and compelling error and end his days in prison. Justice and faith in our judicial system demand correction for the benefit of Roy West. This human error on multiple levels, the resulting sentencing disparity, the absence of any other avenue for relief, and West's extraordinary rehabilitation constitute extraordinary and compelling reasons for sentence reduction. The 18 USC 3553(a) factors also support a sentence reduction.

Harper also suffered errors on the prosecutor, defense counsel, probation office and this honorable judge at time of sentencing. The prosecutor used hearsay evidence from Travis Harper as evidence to indict, along with the interrogation of Harper being of no Mirada rights, and fear to Harper and her children to get her to help FBI agent Baker, when he claimed Travis Harper was a threat and needed to help her and her children. Rendering my statement involuntary, and also the only true evidence against Harper since the site was a fake site that she looked up. Her counsel failed to file a motion to dismiss indictment on suppressing Harper confession. In addition to her attorney, not getting the evidence suppressed, he also did not get her a good plea Bargen using scare tactics, and the probation office not using abuse by Travis Harper in her PSI. These errors are of Apprendi "the omitted element was "uncontested and supported by overwhelming evidence." Kuehne, 547 F 3d at 681(emphasis added). The error is far from harmless under Kuehne, instead, it is extraordinary and compelling.

However, this case is far from typical, and the vehicle Harper relies upon for a sentence reduction is a statue whose very purpose is to reopen final judgements. Ct. Conception v. United States 142 S. CT. 2389, 2399n.3 213, L Ed, 2d 731(2022)("No one doubts the finality of judgements. Here, however, the Court interprets a statue whose very purpose is to reopen final judgements."). See also United States v. Trenkler, 47 F. 4th 42, 48 (1st Cir 2022)("compassionate release is a narrow exception to the general rule of finality in sentencing."). Failure to grant Harpers compassionate release to time served would amount to an abuse of discretion and miscarriage of justice. The circumstances raised are extraordinary and compelling to reduce Harper's sentence to time served. Please grant her time served.

Harper disagrees with the Governments stance and wants the Judge to find her cancer a reason to grant her Compassionate release to time served. Please see the 24 cases that Harper quoted in page 5 and page 6 in her Compassionate release dated 12-29-2022, that Cancer is a compelling and extraordinary reason to grant her compassionate release to time served. Not only is Harper's cancer a compelling and reason to grant her time served. United States v. Chapa case number 7:18cr960(SD TX, 8-25-2022)(Compassionate Release granted for inmate with cancer.)

The only reason Harper is actually going to get treatment for her cancer is because she has filed many Administrative Remedies, and she has yet to receive care for her cancer at 24 months and counting. The BOP has been mismanaging her cancer since 2-05-2021, and still has yet to provide treatment for her cancer, she keeps getting the run around and has tried to keep the BOP accountable with no avail. Please see evidence K1-K45 to see all the letters for help, all the administrative remedies, and other avenues Harper has taken to get her cancer treated. She has been met with no treatment as of today which is still 24 months and two days and counting with no treatment. Retaliation and more abuse towards her for trying to be an advocate and get the treatment she needs to treat her cancer.

Mr. Elgersma, stating that Travis Harper child abuse was not substancaed is wrong, he was charged by the Sun Prairie police for child abuse, I would also like to correct the record and the 17 CPS reports were reported by teachers, doctors, and other adults, not Kelly Harper. Please look at the cases as this is a one going issue and needs to be corrected accordingly.

Moreover, another reason to grant Harper's Compassionate release to time served. The BOP December 2022 Cares act Memo issued on December 21, 2022 gave US attorneys AUSA's or in Harper's case Mr. Elgersma, a say in some CARES act decisions. Walter Pavlo observed in Forbes January 2023 article states "prosecutors have a role in court proceedings, such as when prisoners apply for compassionate release. In those instances, and based on our adversarial justice system, prosecutors rarely support compassionate release cases. However, those are court proceedings where prisoners, defendants, have an opportunity to support their position and them considered by a judge who makes a decision." His point is clear: the new CASRES Act memo lets AUSAs dump on inmates without the prisoner knowing what was said, let alone having a chance to refute it. What is more, the BOP has issued no criterion to its staff on how to weigh what the AUSA says. "To inject prosecutors into what is clearly a BOP decision is unfair," a former federal prosecutor told Pavlo "to inject the continued adversarial nature between inmates and prosecutors into what is clearly within the sole purview of a BOP decision can lead to unfair or skewed results." Furthermore, on Mar 26, 2020 and April 3, 2020, Attorney General William Barr set criteria for the BOP Director's excersize of the power granted by the CARES Act to place inmates in home confinement. Pavlo points out that "nowhere in those memos does it state the role that federal prosecutors have in this process." Harper has a prosecutor Mr. Elgersma that has violated due process, showed bias against her, and now is controlling the trauma and decisions made on Harper within the BOP. This is another reason that Harper should be granted compassionate release, this abuse has gone on long enough.

Harper asks that this Honorable Judge really consider all her cases and reason to grant her compassionate release to time served in this rebuttal along with her compassionate release dated 12-29-2022. I have faith and hope that this court will do the right thing and truly consider all the cases and the standard "any complex of circumstances" contemplates that any number of reasons may suffice on a case by case basis. United States v. Ruvalcaba, (1st Cir 02-15-2022)(granted time served compassionate release).

Please Harper needs to get home to her 4 children it has been 2 years and counting, a life time, time I will never get back, grant my compassionate release to time served. Both sides of Democratic and Republican's along with the Criminal Justice System are typically self serving, con men, and opportunists. Sure I vote, and I am sure you do too, but this Justice system is far from right. The system is broken and really needs replaced. We live in a troubled world. There are all kinds of problems out there, both foreign and domestic. Access to the internet has allowed for unification of dissident voices, which in turn has led to strikes, walkouts, work slow downs, and pressure from global watch dog groups along with pressure in the government. I've come to under stand that sometimes people do terrible things when they are in difficult circumstances, it also means people can do bad things without necessarily being bad people. I made a mistake, and am deeply sorry for it, and want to make a difference with women and children from abuse. In situations I have been in have been so difficult and was forced to make decisions without even understanding what consequences may be. Sometimes your lucky and everything works out, however for me, that has not happened. This one decision has altered my life forever, I want to get out to make a positive change in this country and for women in general. Please have some compassion and understand that Harper deserves a second chance, she is human like everyone else, made a mistake and paid dearly. Thank you for taking the time and truly reading and considering this compassionate release along with the rebuttal.

Kelly Harper #29042509
FCI Waseca
PO Box 1731
Waseca, MN 56093

6