IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

    v.

KELLY HARPER,                        Case No.:  21-cr-18-wmc

    Defendant.

---

GOVERNMENT'S RESPONSE TO DEFENDANT'S THIRD
PRO SE MOTION FOR COMPASSIONATE RELEASE

---

The United States of America, by Timothy M. O'Shea, United States Attorney for the Western District of Wisconsin, by Assistant United States Attorney Chadwick M. Elgersma, hereby opposes to the defendant's third motion for compassionate release because the defendant again failed to show an extraordinary and compelling reason for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Furthermore, the defendant is a danger to the community and any reduction in her sentence is inconsistent with the § 3553(a) factors.

I.    Background Information

    A.  Offense Of Conviction And Sentence

On February 10, 2021, a grand jury returned a one-count indictment charging the defendant with violating 18 U.S.C. § 1958(a) after she knowingly used the Internet during a murder-for-hire scheme. (R. 7.) The defendant pleaded guilty to the indictment and agreed to a sentence of 72 months in prison pursuant to Federal Rule of Criminal

Procedure 11(c)(1)(C). (R. 30, 33.) As set forth in the revised Presentence Investigation Report, the defendant's advisory Sentencing Guideline range was 151-188 months. (R. 42, ¶ 80.) On September 30, 2021, the Court sentenced the defendant to 72 months in prison, followed by a three-year period of supervised release. (R. 49, 50.) The defendant is currently housed at FCI Waseca, and her projected release date is now May 6, 2025.[1]

### B. Defendant's First Compassionate Release Motion

The defendant submitted her first pro se compassionate release motion on March 14, 2022. (R. 53.) The government responded in opposition on April 12, 2022 (R. 55), and the defendant replied on May 6, 2022 (R. 60). In an order dated May 5, 2022, the Court denied the defendant's motion. (R. 59.)

The defendant appealed the Court's ruling (R. 65) and filed a docketing statement on June 21, 2022. *United States v. Kelly Harper*, No. 22-1987, R. 6 (7th Cir. Nov. 9, 2022). The government submitted its response on June 23, 2022 (*Id.*, R. 7), and the appellate court issued an order dismissing the appeal because it was untimely. (*Id.*, R. 18.)

### C. Defendant's Second Compassionate Release Motion

On January 6, 2023, the defendant filed a second pro se compassionate release motion. (R. 78.) The government again opposed the motion (R. 82), and the defendant replied to the government's brief. (R. 86.) After submitting her reply, the defendant filed multiple addenda. (R. 87-90.) The Court denied the defendant's second motion for

---

[1] BOP, Find an Inmate, available at https://www.bop.gov/inmateloc (last visited December 5, 2023).

compassionate release on March 7, 2023 (R. 92.), and the defendant filed a timely notice of appeal (R. 93).

The defendant submitted her appellate brief on April 7, 2023. *United States v. Kelly Harper*, No. 23-1506, R. 10 (7th Cir. Oct. 3, 2023). She then submitted (1) two letters to the court, (2) a motion to expedite ruling, and (3) a motion for appointment of counsel. (*Id.*, R. 11-13.) On May 1, 2023, the appellate court denied the defendant's motion for counsel and granted her motion to expedite ruling. (*Id.*, R. 14.)

After the court issued its orders, the defendant filed multiple motions and notices. (*Id.*, R. 15-19.) The court denied all of the defendant's motions noting that the defendant sought relief beyond what she sought in her opening brief. (*Id.*, R. 20.) The court also informed the defendant that she "need not submit further motions seeking relief on the merits." (*Id.*)

On May 26, 2023, the government filed its response brief (*Id.*, R. 22.), and the defendant replied on June 12, 2023 (*Id.*, R. 24). The defendant also submitted a motion asking the appellate court to investigate the Court and the Assistant U.S. Attorney for abuse of discretion. (*Id.*, R. 25.) Then, on August 21, 2023, the defendant filed a motion asking the court to expedite its ruling and grant her motion for compassionate release. (*Id.*, R. 26.) In an order dated October 3, 2023, the court affirmed this Court's ruling. (*Id.*, R. 29.)

II.   Argument

Once again, the defendant comes before the Court and asks for early release. In this compassionate release motion – her third such attempt – she makes five arguments

3

in support of her motion: (1) her skin cancer diagnosis and other health concerns; (2) generalized allegations of abuse while in BOP custody; (3) sentence disparity; (4) unsupported claims that she received promises regarding a reduction in her sentence; and (5) "family circumstances." (R. 109, pp. 2, 5-14.) The defendant's motion should be denied because she failed to present an extraordinary and compelling reason for compassion release.

    A.  Administrative Rights

Title 18, United States Code, Section 3582(c)(1)(A) allows a court to consider a motion for compassionate release after the defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. Here, the defendant states that she sent a copy of her compassionate release request to the warden on September 16, 2023. (R. 109, p. 2.) However, the defendant provides no proof of this request. Assuming the defendant sent the warden her compassionate release request on September 16, 2023, the defendant exhausted her administrative rights.

    B.  Skin Cancer And Health Concerns

The defendant's argument regarding her skin cancer diagnosis, high cholesterol, colon issues, and neuropathy (R. 109, pp. 4-5) are taken verbatim from her second motion for compassionate release (R. 78, pp. 4-5.) The defendant also raised the issue of her skin cancer in her first compassionate release motion. (R. 53, p. 5.) However, the defendant provides no medical records or other evidence that shows her health

conditions have changed. The Court found this was not an extraordinary and compelling reason when it denied both of the defendant's prior motions (R. 59, p. 2; 92, p. 2), and the appellate court affirmed the Court's decision. Given that the defendant relies on an argument that the Court previously considered, and that there is no evidence of a change in her cancer diagnosis, the defendant's health conditions are still not extraordinary and compelling reasons for compassionate release.

    C.  Generalized Claims Of Abuse In BOP Custody

Next, the defendant makes generalized claims that she suffered "serious physical, emotional, [and] sexual abuse" while in BOP custody. (R. 109, p. 7.) The defendant made this exact argument in a prior compassionate release motion (R. 78, p. 5), and the Court found the defendant's allegations to be "vague at best." (R. 92, p. 2.) Although the defendant now references comments made by a politician and an opinion piece by a media outlet regarding abuse in prisons (R. 109, p. 9), she fails to present any new evidence that she suffered abuse while in BOP custody. Therefore, the defendant's claims of abuse are not extraordinary and compelling reasons.

    D.  Sentence Disparity

The defendant also raises the issue of sentence disparity. (*Id.*, p. 5.) As the Court explained on two prior occasions, "sentence disparity is an issue that must be raised on direct or collateral appeal from her conviction and sentencing." (R. 59, p. 1; 92, p. 1.)

    E.  Unsupported Claims Of A Sentence Reduction

The defendant further argues that she was promised a 30%-50% reduction in her sentence (R. 109, p. 2), but she provides no support for this claim. It should also be

noted that the defendant raised this same argument in her § 2255 motion when she alleged that her trial attorney promised her "30%-50% off [her] time" if she cooperated with the government. *Kelly Harper v. United States*, No. 22-cv-316-wmc, p. 2. (W.D. Wis. June 6, 2022). Given that this is an ineffective assistance of counsel claim, it needs to be evaluated against the test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). It is not an extraordinary and compelling reason for compassionate release.

   F.  Family Circumstances

Finally, the defendant argues that early release is justified because she is a "good mother," and that "her children need her." (R. 109, p. 2.) It is well established that family circumstances can warrant compassionate release. *See* USSG § 1B1.13, cmt. n. 1. Such family circumstances include the "death or incapacitation of the caregiver of the defendant's minor child or children." USSG § 1B1.13, cmt. n. 1(C)(i). Here, the defendant has not presented any evidence that her children's primary caregiver – their biological father – died or is incapacitated. Instead, the defendant makes baseless allegations that her children are in a "traumatic, abusive situation in [their] home with [their] father." (R. 109, p. 2.) To be clear, there is no evidence in the record that the defendant's ex-husband was a danger their children. (*See* R. 45, pp. 3-4.) And the defendant has not provided any evidence to the contrary. Therefore, the defendant's family circumstances are not an extraordinary and compelling reason for compassionate release.

G.  Harper Continues To Be A Danger To The Community

If the Court disagrees with the government and determines that any of the defendant's reasons represent a compelling and extraordinary reason for a reduced sentence, it can only reduce a defendant's term of imprisonment if "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." USSG § 1B1.13(2).

As the government previously explained, the defendant repeatedly accused her ex-husband of abusing their children – accusations that Child Protective Services deemed "unsubstantiated." (R. 42, ¶¶ 16; 27-28.) When that tactic did not work, the defendant established a covert online persona and paid bitcoin to the administrator of a murder-for-hire dark website to kill her ex-husband. (*Id.*, ¶ 12.) After the first hitman failed to follow through with the murder, the defendant brazenly moved on to a second murder-for-hire website and tried again. (*Id.*)

Beyond soliciting people to kill on her behalf, the defendant also has a history of stealing money from people in the community. As noted in the government's response to the defendant's first compassionate release motion, she was convicted in 2008 of stealing $4,500 from a patient at a medical facility where the defendant worked. (R. 55, p. 13; 42, ¶ 46.) Moreover, the defendant's ex-husband told FBI agents that the defendant "was involved in multiple scams, most of which were illegal." (R. 55, p. 13; 45, p. 4). According to her ex-husband, the defendant "scammed her previous employer in a forklift scam, her college friend and Proctor & Gamble with her Internet company, and the Bank of Sun Prairie." (R. 55, p. 13; 45, pp. 4-5.)

7

The defendant is a danger to the community and a substantial reduction in her custodial sentence would fail to satisfy the need "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the office." 18 U.S.C. § 3553(a)(2)(A).

III. Conclusion

The Court properly sentenced the defendant, who is now in the care of the BOP. She does not present an extraordinary and compelling reason that warrants release, and her release is wholly inconsistent with the § 3553(a) factors. Accordingly, the government asks this Court to deny the defendant's third motion for compassionate release.

Dated: December 8, 2023.

Respectfully submitted,

TIMOTHY M. O'SHEA
United States Attorney

By: */s/ Chadwick M. Elgersma*

CHADWICK M. ELGERSMA
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing to be filed electronically with the Clerk of Court through the Electric Case Filing system (ECF) and that a copy was mailed by first class mail, postage paid, to the following non-ECF participant:

Kelly Harper
#29042-509
Federal Correctional Institution
P.O. Box 1731
Waseca, MN 56093-0000

                                      /s/
                              SHARI HEISER
                              Legal Assistant